16572

WOLFE v. WOLFE

(38 S. E. (2d) 348)

*Messrs. Hydrick & Hydrick,* of Orangeburg, *for Appellant.*

*Mr. L. Marion Gressette,* of St. Matthews, *for Respondent,*

December 6, 1951.

BAKER, Chief Justice.

This action was commenced in the Court of Common Pleas for Calhoun County by Carl F. Wolfe, the husband, against Mildred W. Wolfe, the wife, for a divorce on the ground of desertion, and for the custody of their two minor children, of the ages of five years and three years at the time (April 25, 1951) the order appealed from was signed and filed.

The answer of the wife (appellant here) denied the charges of desertion, and therefore the right of the husband (respondent here) to a divorce; and asks that she be awarded the custody of the children, counsel fees, and support for herself and the children.

The pleadings are not set out in the record, but we learn the foregoing thereabout from the Report of the Special Referee and from the order of Judge Lewis. We also learn from the Report of the Special Referee that on October 21, 1949, by order issued out of the Court of Common Pleas, the case was referred to Honorable W. R. Symmes as Special Referee to take the testimony and report the same to said Court, with his conclusions and recommendations.

The Special Referee held references at which all testimony offered by the litigants was taken, and this testimony, with his conclusions and recommendations, was transmitted to the Common Pleas Court. He found as a fact that the defendant-appellant did desert her husband, and that she and the children were being given the necessaries of life according to their station in life so long as they resided in the home provided for them by the plaintiff-respondent; and he further found as a fact, though expressed as an opinion, "that the children can be cared for wholesomely and sufficiently in the home of the plaintiff (respondent)," and recommended that he be given the custody of the children, but that the Court provide for the defendant-appellant to have the possession of the children at stated intervals during the year. He also recommended that the bonds of matrimony be dissolved between the respondent and the appellant, that alimony, during the pendency of the action, be denied, and that counsel fees for the appellant's attorneys not be adjudged against the plaintiff-respondent.

Upon appeal from the Referee's Report, Judge Lewis issued an order dated April 25, 1951, which to all practical purposes confirms the Report of the Referee.

The testimony discloses that the home provided for the appellant by the respondent was in the home of his mother and father, where also residing therein was another brother and his wife, and an unmarried brother, and that respondent and the appellant with their two children occupied only one room in this home. We can easily appreciate that such conditions were most unfavorable to a pleasant life and probably caused dissatisfaction on the part of the appellant. However, apparently the respondent made a *bona fide* offer to the appellant that if she would return to him he would build for her a home separate and apart from the home of his parents, but in the same community. However, she refused to return to him unless he would procure a home at either one of two other places designated by her. (Apparently from the order of Judge Lewis, when he talked

to the appellant she refused to return to live with the respondent in any event.) Of course, under the settled law of this State, the husband has the right, acting reasonably, to choose where the family shall reside, and when the wife refuses to go with him, she is guilty of desertion. See *State v. Bagwell*, 125 S. C. 401, 118 S. E. 767; *Holloway v. Holloway*, 203 S. C. 339, 27 S. E. (2d) 457, and the cases therein cited.

On the issue raised by this appeal, whether "the facts under the pleadings support a decree of divorce at the instance of the plaintiff (respondent)," we deem it unnecessary to further detail the testimony, which we have carefully read, and adopt that portion of the order of the Circuit Judge which reads as follows:

"The matter was referred to a special referee on November 2, 1949 (October 31, 1949?), and subsequently thereto several references were held by the special referee for the purpose of taking the testimony. The record discloses that the special referee made an effort to reconcile the parties, but to no avail.

"In addition to the efforts made by the special referee to effect a reconciliation, I have made an effort also to reconcile the parties. Upon reading this record, there appeared to be no fundamental basis for the continued separation of these young people, and I have accordingly held the record longer than usual so as to afford me an opportunity to talk to the parties. I have done so and my definite conclusion is that the plaintiff husband has made *bona fide* efforts to secure the return of his wife and children to a home to be constructed by him in the event that they agree to return. The wife refuses under any condition to again live with her husband. There is nothing left for the Court to do but to determine the issues between the parties as made by the pleadings.

"These parties were married on August 14, 1944, and to this marriage two children were born, one now of the age of five and the other three years of age, both boys. It appears that the wife deserted her husband within the meaning of

the divorce laws of this State on or about August 7, 1948. The findings of the special referee in this regard are affirmed. It appears that these parties lived practically all of their married life in the home of the plaintiff's parents. This situation, of course, is usually calculated to create discord. I am convinced, however, that the offer of the husband to build a separate home for his wife and children has been and is made in good faith, and that the fact that the parties were living in the home of the plaintiff's parents was not the fundamental cause of the separation of the parties. I am convinced from the record in this case and from all of the facts and circumstances surrounding it, that the fundamental basis for the separation of these parties is the determination of the wife to dictate the place of residence. This the law does not give her the right to do so long as the husband provides reasonable accommodations in accordance with his means."

On the issue as to who should have the custody of the two children, we agree with the Circuit Judge that there is little to choose between the situation presented by the husband and that of the wife. Both are working and both would have to depend upon their close relatives to care for the children a portion of the time, and nothing appears in the record that would impel the Court to deprive either of the parents of the custody of the children, but for their living separate and apart. This being the situation and the primary consideration being what is best for the children, *Koon v. Koon*, 203 S. C. 556, 28 S. E. (2d) 89, due to their tender age, we have reached the conclusion that these children should remain in the custody of their mother for the present at least, and that the respondent should be required to contribute a reasonable amount monthly for their support, in accord with his ability to pay. In the event of changed conditions, or for other valid reasons, the respondent may hereafter apply to the Court of Common Pleas for an order transferring the custody of the children to him, or for any other relief to which he may be entitled.

On this issue, the decree of the Circuit Judge is reversed and modified to the extent above indicated; and the case is remanded to the Circuit Court to take testimony and fix the amount to be paid monthly by the respondent for the support of his children, and such other details as may be necessary, including the privileges he may have of seeing the children or having them visit him.

Affirmed in part, and reversed or modified in part, and remanded.

FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.