17228

LUTHER D. OSWALD, JR., Respondent, v. MILDRED GATES OSWALD, Appellant

(95 S. E. (2d) 493)

300

T. P. Taylor, Esq., of Columbia, *for Appellant,*

Messrs. Seigler & Seigler, of Columbia, *for Respondent,*

December 3, 1956.

Moss, Justice.

The appellant, Mildred Gates Oswald, and the respondent, Luther D. Oswald, Jr., are husband and wife. They were married in Lexington County, South Carolina, on May 22, 1938.

This action which was instituted on October 18, 1952, is one for a divorce a *vinculo matrimonii* on the ground of desertion for a period of one year. Section 20-101(2), 1952 Code of Laws of South Carolina. The appellant denies that she is guilty of desertion. The case was referred to the Standing Master for Richland County, South Carolina, for

the purpose of taking the testimony and reporting his conclusions of fact and law. The Master filed his report in which he found that the appellant deserted the respondent in April 1949, and recommended the granting of a divorce to the respondent. Upon exceptions by the appellant to the findings of fact and legal conclusions contained in the Master's report, the Honorable Legare Bates, Judge of the Richland County Court, rendered his decree affirming the report and recommendations of the Standing Master.

The case comes to this Court upon ten exceptions, which may be disposed of by determining whether or not there was sufficient evidence to support the findings of fact that the appellant had deserted the respondent.

As is heretofore stated, the Master and the County Judge have concurred in a finding that the appellant deserted the respondent. We are, therefore, bound by the rule that in an equity case where the findings of fact by a Master are concurred in by the Circuit Judge, that such are conclusive upon this Court and will not be disturbed unless it is shown that such findings are without any evidence to support them, or are against the clear preponderance of evidence. *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629; *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123; *Frazier v. Frazier,* 228 S. C. 149, 89 S. E. (2d) 225; *Dean v. Dean,* 229 S. C. 430, 93 S. E. (2d) 206.

In *Mincey v. Mincey, supra,* we said [224 S. C. 520, 80 S. E. (2d) 126]:

"An action for divorce is within the equity jurisdiction of the Court. Accordingly the evidence must be considered in the light of the well settled rule that in an equity case findings of fact by a Master or Referee, concurred in by a Circuit Judge, will not be disturbed by this Court unless it appears that such findings are without evidentiary support or are against the clear preponderance of the evidence."

We have carefully studied the record and find that the facts amply support the holdings of the Master, and such findings having been affirmed and concurred in by the County Judge, we are bound by same.

This action for divorce is based upon the ground of ■ desertion. This Court has .clearly set forth in the case of *Frazier v. Frazier, supra,* the essential elements of desertion. We quote therefrom the following [228 S. C. 149, 89 S. E. (2d) 234]:

"In *Machado v. Machado,* 220 S. C. 90, 100, 66 S. E. (2d) 629, 633, the essentials of desertion are stated to be:

' "(1) cessation from cohabitation, (2) intent on the part of the absenting party not to resume it, (3) absence of the opposite party's consent, and (4) absence of justification." ' It is further stated: 'All the authorities agree that an intent to desert is an indispensable element.'

"In 17 Am. Jur., Divorce and Separation, Section 379, is the following:

" 'In proceedings for divorce on the ground of desertion, no general rule can be formulated as to what evidence is or is not admissible, each case depending upon its own particular circumstances. Since the intent to abandon is largely a matter of inference and presumption, the subsequent conduct of the parties frequently makes plain the intent with which a previous act was performed, and evidence of such conduct is admissible to ascertain the intent.' "

The respondent is now and has been since the early part of World War II an enlisted man in the United States Navy. Since he has been in the services of his country the appellant has received an allotment from the respondent in the amount of $137.00 per month. The respondent was stationed in the Panama Canal Zone where he and the appellant lived together prior to October 1948. He was then transferred to New London, Connecticut. The belongings of both parties were shipped there. Between the two assignments the respondent had a leave of ten days and a portion of this time was spent in Columbia, South Carolina, with respondent's parents. At the end of his leave the respondent went to his new station in Connecticut, the appellant remaining in Columbia, and according to her testimony for the purpose of

having her teeth fixed. Respondent testified that he made many attempts to have the appellant come to live with him in New London, Connecticut, and after he was transferred to Norfolk, Virginia, he made a like effort. He testified that the appellant refused his many requests and overtures for her to come to the place where he was stationed in the Navy. His testimony is emphatic that she refused these requests. It is further in evidence that the respondent's mother attempted to get the appellant to join her husband in New London, Connecticut. It further appears that while the appellant was living in Columbia she held a full time job at the Providence Hospital and then worked at Fort Jackson, and later she went to Florida to care for her sister. She denied that she had refused to go to Connecticut or Virginia for the purpose of living with her husband. She assigns the reason for her failure to go to the station of her husband the fact that she could not afford the trips and, in addition, that the respondent did not want her. It is undisputed that the appellant was drawing an allotment in the amount above stated, and together with what she received from her own labors, certainly is not consistent with her statement that she was financially unable to make trips to the assigned station of her husband.

It becomes unnecessary to make any further recital of the testimony. It is sufficient to say that there was a direct conflict in the testimony offered in behalf of the respective parties upon the question of whether the appellant was guilty of desertion. The evidence is sufficient to support the findings of the Standing Master. There was evidence in the record from which he could have concluded that the appellant was guilty of desertion. Having made such determination and the County Judge having concurred therein, this Court cannot reverse such findings.

The respondent herein was required to reside wherever he was assigned by the Naval Department. He had a right to expect his wife to reside with him and when he had made every preparation, such as obtaining

quarters in which to live, it was the duty of the wife to go with him, and if she refused, she was guilty of desertion.

In the case of *Wolfe v. Wolfe,* 220 S. C. 437, 68 S. E. (2d) 348, 349, this Court said:

"Of course, under the settled law of this State, the husband has the right, acting reasonably, to choose where the family shall reside, and when the wife refuses to go with him, she is guilty of desertion. See *State v. Bagwell,* 125 S. C. 401, 118 S. E. 767; *Holloway v. Holloway,* 203 S. C. 339, 27 S. E. (2d) 457, and the cases therein cited."

For the foregoing reasons we are of opinion that the exceptions of the appellant should be overruled and the judgment of the lower Court affirmed.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.