17348

HOYLE LAWRENCE DOBSON, Appellant, v. MARY ELIZABETH
DOBSON ATKINSON, Respondent

(100 S. E. (2d) 531)

*F. Ehrlich Thomson, Esq.,* and *Mrs. S. Evelyn Lester,* of Columbia, *for appellant,*

*Messrs. Law & Kirkland,* of Columbia, *for Respondent,*

Nov. 12, 1957.

TAYLOR, Justice.

This appeal presents the question of whether or not the County Court for Richland County erred in granting respondent custody and permitting her to remove from the physical boundaries of this State the infant daughter of appellant and respondent.

Appellant and respondent were man and wife, to which union was born one child, Sally Pamela Dobson, approximately three years of age.

In May, 1956, appellant was granted a divorce upon the ground of desertion, with the custody of the child being given to respondent with appellant having visitorial privileges. Thereafter, respondent married one Dr. Julian E. Atkinson, a Captain in the United States Army and at that time under orders for a two year tour of duty upon the Island of Tiawan. Appellant then shortly thereafter petitioned the Court for an Order restraining and enjoining respondent from removing the child from the jurisdiction of the County Court for Richland County, setting forth that upon information and belief respondent has remarried and plans to leave and carry their child beyond the boundaries of this State; that the child is not receiving proper care in that the mother had demonstrated a lack of love and affection for said infant and does not have the temperament and disposition necessary for the proper rearing and caring for a child of tender years; and asks for permanent custody of the child. Respondent duly filed her return denying such allegations as charged that she was an unfit person to have the care and custody of the child and set forth reasons why it was for the best interest of the child that she be permitted to remain with her. She further set forth that since receiving her decree of divorce, she had married Captain Julian P. Atkinson, a medical doctor in the United States Army, who was under orders to do a two year tour of duty on the Island of Tiawan and prayed the Court that she and her husband be permitted to carry the child with them.

The case was by consent referred to Honorable William P. Donelan, Standing Master for Richland County, under a General Order of Reference, who after taking testimony reported as his findings of fact that the mother, Mary Elizabeth Dobson Atkinson, "is a fit, proper and suitable person to have the care, control and custody of the minor child"; that the husband is a medical doctor, licensed to practice medicine in South Carolina and intends upon the completion of his tour of his duty in the Armed Services, which will last approximately two years from December, 1956, to return to

South Carolina to practice medicine; that the child will have adequate care, not be subjected to any undue danger and recommend that the mother be given the care, control, and custody of the minor child; and, further, that should the child be taken to Tiawan that Mrs. Atkinson and her husband be required to file joint bond to abide any further Order of the Court.

Exceptions were duly taken but overruled by the Honorable Legare Bates, Judge of the County Court of Richland County, in an Order dated December 20, 1956. Thereafter, bond in the sum of $2,500.00 was duly filed with the Clerk of Court for Richland County, conditioned upon Mary Elizabeth Dobson Atkinson faithfully performing the conditions of any proper Order of the Richland County Court. The Order further provided that the $10.00 weekly payment which had been required of appellant theretofore for support of the child be suspended until such time as she is returned to the State of South Carolina.

Appellant's appeal presents, according to his brief, the following three questions:

"1. Is the Respondent-Mother a fit, proper and suitable person to have the care, custody and control of the minor child involved in this case?

"2. What is for the best interest of the minor child involved in this case, should her custody be awarded to the Respondent-Mother, or the Appllant-Father?

"3. Did the Trial Court err in permitting the minor child involved in this case, to be taken to Formosa for a period of two years by the Respondent-Mother?"

The first two questions are argued as one in that they are so intimately related, the facts of one necessarily involve those of the other. This, however, is an equity case and all questions presented in this appeal are controlled by the question of whether or not the findings of fact by the Master, concurred in by the presiding Judge, are without evidentiary support or against the clear preponderance of the evidence.

This Court has jurisdiction in appeals in equity to find the facts in accord with our view of the preponderance or greater weight of the evidence, in the absence of verdict by jury. *Gilbert v. McLeod Infirmary,* 219 S. C. 174, 64 S. E. (2d) 524, 24 A. L. R. (2d) 60; *Wise v. Wise,* 60 S. C. 426, 38 S. E. 794; *Forester v. Forester,* 226 S. C. 311, 85 S. E. (2d) 187; and an action for divorce is within the equity jurisdiction of the Court. Accordingly the evidence must be considered in the light of the well settled rule that in an equity case findings of fact by a Master or Referee, concurred in by the Court, will not be disturbed by this Court on appeal unless it appears that such findings are without evidentiary support or against the clear preponderance of the evidence. *Archimbault v. Sprouse,* 218 S. C. 500, 63 S. E. (2d) 459; *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123, 126; *Oswald v. Oswald,* 230 S. C. 299, 95 S. E. (2d) 493.

During the time of separation and prior to the divorce of respondent and appellant, respondent worked and the child was cared for by her mother. At the time of divorce it was agreed by both parties for the child to remain with respondent, and the Decree so provides. There was no contention at that time that respondent was an unfit person to rear the child or that it was not receiving proper care and no further difficulty arose between the parties until the remarriage of respondent, and this action was commenced immediately thereafter. The record further reveals that subsequent to respondent's marriage to Captain Atkinson, she has not worked but remained at home caring for the child.

When considering the question of custody of children between estranged parents, the recommendation of the Master is entitled to considerable weight because of his opportunity to observe the witnesses while this Court is confined in its consideration on appeal to the cold record of the testimony, the controlling question always being the welfare of the children. The right of the mother to the custody of children of tender years may be

recognized although she is the party in fault, if such fault does not reflect on her moral character, 17 Am. Jur. 518, *Powell v. Powell,* S. C., 98 S. E. (2d) 964.

From the record it may be concluded that the child would receive adequate and proper care and treatment in the care of either respondent or appellant; therefore, it does not lie within the province of this Court to say that the findings of the Master, concurred in by the Court, are without evidentiary support or against the clear preponderance or greater weight of the evidence.

The exceptions are accordingly overruled, and the appeal is dismissed. This is not to be construed, however, as in anywise prejudicing appellant's rights to proceed as he may be advised should the child not be returned to South Carolina at the expiration of the time named in respondent's answer and return or upon the issuance of a proper Order of the Court requiring such.

At the time of hearing the foreging appeal, appellant moved for an Order requiring respondent to return the infant child to the jurisdiction of the Richland County Court, Columbia, South Carolina, and based said motion upon affidavits to the effect that information had been received that the child was suffering from an eye condition which needed treatment by a specialist and that no such specialist is available in the United States Army's Far Eastern Command; that appellant's mother while caring for the child had occasion to observe her very closely and no difficulty of vision was evident at the time she left for Tiawan, and if such condition does exist it has arisen since leaving the States. All affidavits are based upon information imparted to appellant by respondent's attorney, who, knowing appellant was interested in the welfare of the child, advised him that the eye condition had been discovered; that treatment therefor was being given; and that she had been flown to the Philippine Islands for treatment by a specialist.

There is no evidence of neglect or improper treatment, and the motion must be denied. Affirmed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur