## 17406

R. M. CAINE *et al.,* Appellants, v. Walter S. GRIFFIN *et al.,*
Respondents

(103 S. E. (2d) 37)

*George F. Townes,* Esq., of Greenville, *for Appellants,*

*Messrs. Wyche, Burgess & Wyche,* of Greenville, *for Respondent, Walter S. Griffin,* and *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondents, Parie Lee Green* and *Julius Gary Green by his Guardian ad Litem J. D. Green,*

April 1, 1958.

Moss, Justice.

J. T. Jones died testate on August 20, 1939, leaving of force and effect his last will and testament, which was validly executed and duly admitted to probate on August 28, 1939, in the Probate Court for Greenville County, South Carolina. The will of J. T. Jones contained the following provision regarding the subject property of this suit:

"I will, devise and bequeath to my daughter Parie Lee Green, all of that certain tract of land in Butler Township and containing 7.6 acres, more or less, and conveyed to me by H. M. Fallaw by deed dated January 2, 1919, and recorded in R. M. C. Office for Greenville County in Vol. 56 at page 502; also tract of land on the Laurens Road, containing 55 acres, more or less, and conveyed to me by J. D. Greene, she to have and to hold both of said tracts of land for and during the term of her natural life time and at her death the same is to vest in her children if she has any, share and share alike. In case, however, she should not leave any children surviving her, then the same shall go and vest in my son, J. V. Jones, for and during his life time and at his death the same to go and vest in his children, share and share alike, but in case he should have no children surviving him at his death then the same is to go to my nearest relatives."

This is an action brought by R. M. Caine and Walter Goldsmith, appellants, to require Walter S. Griffin, one of the respondents, to convey to the appellants a good and marketable fee simple title to the subject property, free and clear of all liens and encumbrances and clouds on the title. The action also seeks, pursuant to Section 10-2001 to 10-2014 of the 1952 Code of Laws of South Carolina, known as the "Uniform Declaratory Judgments Act", a declaratory

judgment that the said Walter S. Griffin is vested with a good and marketable fee simple title to said property, free of liens and encumbrances and clouds on the title.

It appears from the record in this cause that on April 28, 1951, Parie Lee Green, the daughter of the testator, instituted an action in the Greenville County Court praying that a proposed sale of the subject property be approved and that the Master in Equity for Greenville County, South Carolina, be directed to convey the subject property to one R. E. Hughes, for a consideration of $30,000. This complaint alleged that J. T. Jones died testate, seized and possessed of the real estate, the subject of this action, and that he disposed of said real estate by his will in the manner hereinbefore set forth. The complaint alleges also that Parie Lee Green is married but has no children, and that J. V. Jones has no children. The complaint then alleges who are the "nearest relatives" of the said J. T. Jones. All of these parties were made defendants in said action. Notice of pendency of action was filed in the Clerk of Court's office, along with the summons and complaint, on April 30, 1951. Service of the summons and complaint was personally had upon all resident defendants. Counsel for the plaintiff in said action made affidavit that the action concerned real estate located in Greenville County, South Carolina and that the action was one seeking the court's approval of a sale of the subject property. The affidavit set forth a number of non resident defendants and also unknown claimants. The complaint alleges that one Ira Ford is a member of the class "nearest relatives". He was sued individually and as representative of the class of nearest relatives of J. T. Jones, deceased. This affidavit also alleged that it was necessary for the publication of the summons, the notice of pendency of action, a notice to non resident infant defendants, and any and all unknown infant defendants over the age of fourteen years, and a notice to any unknown infant defendants under the age of fourteen years, and to the persons with whom the said infant defendants reside, requiring said infant de-

fendants to procure the appointment of a guardian *ad litem* to represent them in said action, within twenty days after the service of this notice, and upon their failure so to do, application for such appointment would be made by the plaintiff herein. The record shows the publication of the aforesaid summons, notices, and notice of pendency of action in accordance with the requirements of the statutes, in the Greenville Piedmont, a newspaper of general circulation published in the City of Greenville, South Carolina. It appears also that a guardian *ad litem* was duly appointed, and filed an answer, for all of the minor defendants and also for all other infants known or unknown claiming any right, title, estate, interest in or lien upon the real estate described in the complaint. The record shows that the defendant, Ira Ford, answered the complaint individually and as representative of the class of nearest relatives of J. T. Jones, deceased.

In due course, the aforesaid action was referred to the Master for Greenville County, South Carolina, directing him to take the testimony and to report his findings of fact and conclusions of law, with authority to make any special recommendations and findings. The Master convened a reference and full testimony was taken in support of the allegations of the complaint. It appears from the testimony that the plaintiff had asked the court to approve a sale of the real estate for a purchase price of $30,000.00. It was also brought out at the hearing that various parties were interested in purchasing the property in question. In view of this fact, the Master directed all interested parties to submit, in writing, sealed bids for the purchase of the property. Four bids were submitted and among them was the bid of Walter S. Griffin, who proposed to exchange a store building and a parking lot situated in the City of Greenville, South Carolina, appraised at $40,000.00, for the subject property. This property would return a gross rental of $265.00 per month. The testimony showed that this bid was the most advantageous one to the parties to the action. It also appeared that the subject property was bringing an annual income of $200.00.

The Master found that the court had jurisdiction of the subject matter and the parties. He also found that all necessary and proper parties were before the court. He found that the defendant, Ira Ford, a party to the action, was representative of the class of nearest relatives of J. T. Jones, deceased.

Specifically, the Master made the following finding:

"I find as a fact that the property offered in exchange is of at least equal value with the property on Laurens Road; that the store building on Buncombe Street is a new building, well constructed and well rented. The parking lot is well located for such purposes and has potential value for commercial building purposes. The property is worth at least the conservative Forty Thousand ($40,000.00) Dollars appraisal put on it by Mr. Williams and Mr. Chandler."

The Master also made this specific finding:

"It seems to be, and I so find, a definite hardship on the life tenant to compel her to retain and pay taxes on this farm land, from which she receives only a pittance, when it can be sold for a good price or exchanged for income producing property and the life tenant receive an income therefrom.

"From the testimony and the record, it is clear that all remaindermen who are *sui juris* approve of the disposal of the Laurens Road property, and it seems clear that all are agreed that the exchange for the income producing Griffin property is for the best interest of the successive life tenants, and the remaindermen. I find as a fact that this exchange is to the best interest of all the parties and recommend that it be accomplished."

The report of the Master of Greenville County was confirmed by the Judge of the Greenville County Court by a decree, in the following language:

"The Master found, and the testimony shows, that the proposed exchange of the Laurens Road acreage for the Eastern Finance Co. building on Buncombe Street and the

parking lot on Richardson Street is a fair exchange, that a reasonable necessity exists for the exchange, that where the life tenant is now receiving Two Hundred ($200.00) Dollars a year income she will receive in excess of two Hundred Twenty-five and no/100 ($225.00) Dollars a month and that the interests of the remaindermen are fully protected. I fully concur in these findings. The Master also found, and it is amply supported by the testimony, that the proposed exchange is the best of the bids submitted, and it should be accepted. I concur in this also. There was spirited bidding raising the offered price from Thirty Thousand ($30,000.00) Dollars to Forty Thousand ($40,000.00) Dollars, and this Forty Thousand ($40,000.00) Dollar bid is tax free and commission free. I feel that the acceptance of this bid will be in full accord with the desires of the testator, and is for the decided best interests of all parties having an interest, vested, contingent or remote, in the Laurens Road property. The title to the new property will be in exactly the same parties as is the title to the Laurens Road property."

Accordingly, the Judge of the County Court directed that the Master of Greenville County convey, by good fee simple deed, the subject property above referred to, to Walter S. Griffin, or his designees; that in compliance with said decree, and pursuant to the directions of Walter S. Griffin, the Master of Greenville County did execute and deliver to Walter S. Griffin, H. B. McKoy, Sam R. Zimmerman, Sr. and Sam R. Zimmerman, Jr. a deed to said property, which deed was executed on September 27, 1951, and recorded in the office of the R. M. C. for Greenville County, in Deed Book 442, at page 520.

The decree of the County Court also directed that Walter S. Griffin, in order to complete the exchange of property, convey the Greenville City property located on Buncombe Street and the parking lot on Richardson Street, to Parie Lee Green for life and at her death to her children, if any, share and share alike. If, however, she should not leave any

children surviving her then title to vest in J. V. Jones for and during his life time, and at his death to his children, if any, share and share alike. If, however, he should have no children surviving him at his death, then title to vest in the nearest relatives of J. T. Jones, deceased. The record shows that the said Walter S. Griffin conveyed the properties owned by him on Buncombe Street and Richardson Street, in accordance with said decree, to the designated person mentioned therein, by deed now of record in Deed Book 442, at page 511, R. M. C. Office for Greenville County, South Carolina.

It also appears that subsequently Sam R. Zimmerman, Jr., Sam R. Zimmerman, Sr. and H. B. McKoy conveyed their right, title and interest in and to the subject property to Walter S. Griffin, and at the time of the institution of this action he was the sole owner thereof.

In the instant action it appears that the respondent, Walter S. Griffin, entered into a contract with the appellants, R. M. Caine and Walter Goldsmith, whereby Griffin contracted to sell to the appellants an undivided one-fourth interest in the subject property. The appellants assert that they are desirous of consummating said purchase but verily believe that there are certain outstanding claims and possible defects in the title of the said Walter S. Griffin to said subject property, which constitutes a cloud on the title of the said Walter S. Griffin. The appellants assert that this action is brought for the purpose or removing any and all clouds on the title to the property of Walter S. Griffin and barring the claims of any person in and to said property.

The instant action was instituted by the filing of a summons and complaint and a notice of pendency of action in the office of the Clerk of Court for Greenville County on October 11, 1957. On the same date, pursuant to affivadit of counsel for appellants an order *nisi* and an order of publication was entered by the Resident Judge of the Thirteenth Judicial Circuit. Pursuant to this order, service of the summons in this action was directed to be made upon any known

non resident defendants, and upon any unknown party claiming any right, title, estate, interest in or lien upon the real estate described in the complaint, by the publication of said summons and notice of pendency of action once a week for three weeks in the Greenville News-Piedmont. There was also published a notice to all unknown infant defendants over fourteen years of age and to any person under legal disability; and to all unborn children of Parie Lee Green and any unknown infant defendants under fourteen years of age, and to the person or persons with whom said infant defendants reside; and to unknown infant defendants over fourteen years of age residing within this State; and to any person under legal disability residing within this State and to his committee, or if he has no committee, to the person with whom he resides, notifying each of said parties to apply for the appointment of a guardian *ad litem* to appear and represent such. There was also published an order *nisi* appointing Hubert E. Nolin as guardian *ad litem* for all infant defendants under the age of fourteen years, and all infant defendants residing in some other State or temporarily absent from this State, and all defendants under legal disability residing in some other State or temporarily absent from this State, unless said infant defendants or persons under legal disability, or some one in his or their behalf, procures the appointment of a guardian *ad litem* on or before November 12, 1957. The said Hubert E. Nolin was also appointed guardian *ad litem* for all unknown minor defendants, either under or over fourteen years of age residing in this State, and all unknown persons under legal disability residing in this State; and he was also appointed guardian *ad litem* for the unborn children of Parie Lee Green. It is well to here state that no application for the appointment of a guardian *ad litem* was made by the parties to whom the published notice was given. Therefore, the order *nisi* was confirmed and Hubert E. Nolin appointed guardian *ad litem* as aforesaid.

The record shows that there were thirty-seven parties defendants sued "individually and as representative of a class

of the nearest relatives of J. T. Jones, deceased." The testimony shows that these thirty-seven constituted all of the known living nieces and nephews of the testator, and all of his first cousins, and some of his great nieces and nephews, as well as some of his cousins once removed. The appellants allege in their complaint "that the defendants, individually and as a class, constitute all persons who have, or may have, an interest in the property hereinbefore described."

The appellants assert in their complaint that there is a cloud upon and a possible defect in the title of the said Walter S. Griffin in and to said property by reason of the following possible irregularities, defects and omissions in the said judicial proceeding, pursuant to which the said property was deeded to Walter S. Griffin: (1) That the rights of the unborn children of Parie Lee Green cannot be adjudicated when she has no natural born children *in esse;* (2) That the rights under the will of the testator of the "nearest relatives" have not been properly adjudicated; (3) There has not been a sufficient showing of the reasonable necessity for the exchange of the properties and of the fairness thereof; and (4) That the necessary parties were not properly before the court.

The guardian *ad litem,* representing the unborn children of Parie Lee Green and the infant defendants and persons under legal disability, asserts that the aforesaid judicial proceedings are not binding on these defendants and that the exchange made in said action was an unfair one insofar as the interest of the remaindermen are concerned. He also contends that since there are no children of Parie Lee Green *in esse,* it would be improper to make any disposition of the property.

A hearing was convened before the Honorable J. Robert Martin, Jr., Resident Judge of the Thirteenth Judicial Circuit, at which time testimony was taken. On January 7, 1958, Judge Martin passed an order sustaining the exchange of property and holding that Walter S. Griffin was vested with a good and marketable title to the subject property.

The trial Judge found that J. T. Jones did not leave surviving him any wife, lineal ancestor, uncle or aunt, but did leave surviving him a daughter, the defendant Parie Lee Green; a son, J. V. Jones, who died in 1951 without leaving surviving him child or children; a sister, Nan Jones Ford, who died intestate in 1946, leaving certain children and grandchildren; nieces and nephews, cousins, and numerous great-nieces and great-nephews, and cousins once removed.

He also found that the allegations of the complaint with reference to the relationship of the parties are true. He specifically held that:

"Those named and served as defendants in this action do truly represent the class of "nearest relatives' of J. T. Jones, deceased, whether the time of determination of nearest relative is at the date of his death, at the date of the death of the life tenant, or some other time. Those persons having or who may claim an interest in the subject property or may be affected by the judicial proceedings now or those which have transpired are very numerous and it is impracticable to bring them all before the Court; it is necessary, therefore, that some of the defendants may defend for the benefit of the whole."

In the order of the trial Judge, he stated that he would apply the rule recently announced in the case of *Scurry v. Edwards,* 232 S. C. 53, 100 S. E. (2d) 812, 821, where we said:

"* *. * if what the parties have attempted to do would have been ordered by the court at that time, had application for such order been then made, the court may later confirm such action by its judgment in an appropriate proceeding."

The appellants in this case charge that it was error for the court to act *nunc pro tunc* in approving the exchange previously made. In view of the conclusion that we hereinafter reach, it is not necessary to consider the exception raising this question.

We first consider the question of whether the rights
■ of the unborn children of Parie Lee Green can be
adjudicated in the absence of any member of the class
being *in esse*. It should be kept clearly in mind that the
Court below appointed a guardian *ad litem* to represent
"all unborn children of Parie Lee Green". This guardian
*ad litem* submitted the rights of such unborn children to the
protection of this Court.

In the case of *Gunnell v. Palmer*, 370 Ill. 206, 18 N. E.
(2d) 202, 204, 120 A. L. R. 871, it was said:

"The issue here, is whether the county court had jurisdic-
tion of the unborn descendants in the proceeding to sell real
estate to pay debts when, at that time, there was no statute
authorizing the court to make parties not in being defendants
to a suit or to bind them by its order. In the absence of
statutory authority, did the county court have jurisdiction
of the unborn descendants under the doctrine of represen-
tation, or is that doctrine so limited as not to apply to
persons not in being unless living members of the same
class, with identical interests as the persons not in being,
are made defendants? We do not think the doctrine is so
limited. This court has held, in chancery cases, that the doc-
trine of representation must have the flexibility born of con-
venience and necessity, and that if the interests of unborn
contingent remaindermen are sufficiently represented so they
can be protected by the court, the prerequisites for applica-
tion of the doctrine are satisfied."

In the case of *Bofil v. Fisher*, 3 Rich. Eq. 1, 24 S. C. 1,
it was said:

"The difficulty, if any exists, does not lie in the first branch
of the appeal, which relates to the right of the Court to sell
the contingent interest of Mary J. Bofil, who is an infant
child of Paul Bofil, and a party defendant, by guardian *ad
litem*, to the bill. The right of the Court to sell either the
vested or contingent estates of infants, who can be and
are properly made parties before it, cannot at this day be
questioned. But the question is, whether the Court has the

power, by its decrees, to alienate the contingent titles of unborn remaindermen, who, from the nature of things, cannot be made parties, or be represented in the proceedings before the Court; or to alienate the contingent titles of persons, who, though *in esse,* are resident in other States, or in foreign lands, whose residences and even whose names are unknown.

"To say that the Court could not under circumstances like these convey away the fee, would be to assert a doctrine that would render conditional limitations and contingent remainders an intolerable evil to a growing and prosperous community. Thus to shackle estates without the power of relief, unless every person having a contingent and possible interest could be brought before the Court, as a party complainant or defendant, according to the usual forms and ordinary practice of the Court, would be to sacrifice the rights and interests of the present generation to those of posterity, and of citizens to aliens. If the whole property of the country were thus situated, it is obvious that all improvement and advance would be completely checked. And this check upon progress and improvement would be in direct proportion to the extent to which this state of things exists. The case before the Court is an apt illustration. Here are valuable unimproved lots, in a thriving and properous town, which the life-tenant cannot with a due regard to his interest improve, and the remaindermen cannot, because their rights are contingent and may never vest. Here also is a suffering family, who may obtain relief by the action of the Court. And they are the first objects of the testator's bounty. Is there no power in the State, by which the titles of estates may be unfettered from the contingent claims of unborn remainder-men, and their rights not extinguished, but transferred from the property itself to a fund arising from the sale of the property? I think there should be; I think there is."

The case of *Bofil v. Fisher* has been cited a great number of times. The principle announced therein that the interest

of unborn contingent remaindermen will be barred and the rights of all parties in interest be transferred from the property to the fund arising from the sale has not been changed since such decision. It is not necessary for us to here cite the many cases where the doctrine of the case of *Bofil v. Fisher* has been applied.

The lower Court bottomed its decision on the case of *Kirkham v. First National Bank of City of New York,* 149 S. C. 545, 147 S. E. 648, 649. In this case a testatrix devised to Mary Clark Kirkham a tract of land for her lifetime, and upon her death the same was to go to her issue, if any, but in case she should die leaving no issue surviving, then the said lands would vest in one Myron Clark Williams, or in his heirs or devisees, if he shall not survive the said Mary Clark Kirkham. It appears that at the time of the bringing of the action that Mary Clark Kirkham was unmarried. Myron Clark Williams was married but had no children. The action was one by Mary Clark Kirkham for authority to sell the devised lands, and for the appointment of a trustee by the Court to hold the proceeds of sale and invest the same under the order and direction of the Court. The case was referred to the Master of Sumter County, South Carolina, who recommended the sale of the premises. This recommendation was affirmed by the Circuit Court. The proposed purchaser, who was a party to the action, appealed to this Court on the ground "that the court cannot give him a fee-simple title to the land, clear of all trusts and limitations, for the reason that the decree of the court would not be *res adjudicata* or binding upon such persons who may take the property after the falling in of the immediate estate of Mary Clark Kirkham should she die leaving issue, as none of said persons, nor a representative of them, are before the court in this action."

This Court overruled the above quoted exception and affirmed the decree of the lower Court in the following language:

"We think it was answered completely in the case of *Bofil v. Fisher,* 3 Rich. Eq. (24 S. C. Eq.) 1, 55 Am. Dec. 627, which was quoted with approval in *Des Champs v. Mims, supra* [148 S. C. 52, 145 S. E. 623]. It is impossible in this case to have any person of the class to represent the issue of Mary Clark Kirkham or the children of Myron Clark Williams, as neither of these devisees have any issue at this time."

What was said by Mr. Justice Stukes, now the distinguished Chief Justice of the Court, in *Honeywell v. Dominick,* 223 S. C. 365, 76 S. E. (2d) 59, 63, is applicable. He said:

"Equity has plenary jurisdiction and power in cases such as this and its decree binds contingent remaindermen, infant and adult, in being and unborn, if properly made parties, if possible, and competently represented, as here. Their contingent interests are not destroyed or impaired but transferred—in this case to the thereby enlarged trust *res* which was created by the will. *Bofil v. Fisher,* 3 Rich. Eq. 1, 55 Am. Dec. 627."

We conclude that the decision of this Court in *Kirkham v. First National Bank of City of New York, supra,* is conclusive of the question here raised. The rights of all unborn children of Parie Lee Green have been adequately represented and protected by this Court. This is particularly true because should Parie Lee Green ever have children, their interests would be transferred to the property received in exchange for the subject property.

We come now to the question of whether the rights of "the nearest relatives" of the testator have been properly adjudicated, and whether the necessary parties were before the Court in order to make such adjudication. This issue is raised by questions 2 and 4 above stated.

It is provided in Section 10-205 of the 1952 Code of Laws of South Carolina, as follows:

"When the question is one of a common or general interest to many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

In the case of *Whitaker v. Manson,* 84 S. C. 29, 65 S. E. 953, an analysis of the foregoing section shows that it provides that one or more persons may sue for the benefit of the whole, when the question in the cause is one of common or general interest to many persons; or where the parties are united in interest, but are very numerous, and it may be impracticable to bring them all before the court.

In the case of *Faber v. Faber,* 76 S. C. 156, 56 S. E. 677, 679, an action was brought for the purpose of selling certain devised property in order that the proceeds arising from the sale might be reinvested under the direction of the court and subject to the trusts declared in the sale. It appears that the legatees mentioned and provided for in the residuary clause of the will had a common or general interest in the premises to be sold. It also appears that such legatees were numerous and that it was impracticable to bring them all before the court for the reason that the plaintiff was unacquainted with them, and even the names and residences of almost all of them were unknown to him. In this situation, one of said residuary legatees was made a defendant to represent all of the residuary legatees as a class. It was held that there was no abuse of discretion on the part of the Circuit Judge in ruling that the numerous persons having contingent interests could be made parties by representation. This Court said:

"In the case of *Bofil v. Fisher,* 3 Rich. Eq. 1, the court states that 'the rules of practice in this court as to parties are rules adopted for convenience, and are oftentimes matters of discretion.' And in the case of *Smith v. Williams,* 116 Mass. 510, 512, it is said: 'How far such persons should be made parties to the suit depends largely upon the discretion of the court, considering, on the one hand, the difficulty

and expense of joining them, and, on the other, the paramount importance of having such a representative of the interests concerned as may enable the question at issue to be fairly tried.' The reason for this rule is thus stated in *Smith v. Swormstedt,* 16 How. (U. S.) 288, 303, 14 L. Ed. 942: 'Where the parties interested in the suit are numerous, their rights and liabilities are so subject to change and fluctuations, by death or otherwise, that it would not be possible without very great inconvenience to make all of them parties, and would oftentimes prevent the prosecution of the suit to a hearing. For convenience, therefore, and to prevent a failure of justice, a court of equity permits a portion of the parties in interest to represent the entire body, and the decree binds all of them the same as if all were before the court. The legal and equitable rights and liabilities of all being before the court by representation, and especially where the subject-matter of the suit is common to all, there can be very little danger but that the interest of all will be properly protected and maintained.' "

This Court said in the case of *Hunt v. Gower,* 80 S. C. 80, 61 S. E. 218, 219, that:

"It is well settled that the rights of contingent remaindermen not *in esse* may be finally adjudged when the remaindermen *in esse* are made parties as representatives of the class. *Van Lew v. Parr,* 2 Rich. Eq. [321], 322; *Bofil v. Fisher,* 3 Rich. Eq. 1; *Faber v. Faber,* 76 S. C. 156, 56 S. E. 677."

In this action the appellants' complaint alleged "that the defendants, individually and as a class, constitute all persons who have or may have any interest in the property hereinabove described." In the original action, and in this action, the defendants were sued individually and as representatives of a class of the "nearest relatives" of J. T. Jones, deceased. In addition to joining numerous defendants as a class in both actions, there was also joined, pursuant to Section 10-2404 of the 1952 Code of Laws of South Carolina, "All other persons unknown, claiming any right, title, estate,

interest in or lien upon the real estate described in the complaint herein."

It is apparent from the complaint that every conceivable branch of the relatives of J. T. Jones are joined as defendants. All of his nieces and nephews, all of the first cousins, and all of the brothers and sisters and cousins once removed were made defendants. Clearly, this group constitutes a true representation and class and their interests are identical with the interest of any of them or any other person who might subsequently take the fee simple title to the property. It is apparent that the joining of all the present relatives of the testator is impracticable since the testimony shows that they are very numerous. It likewise appears that the appellants have exercised considerable effort to insure adequate representation of the class of nearest relatives of J. T. Jones, deceased.

It is our conclusion that the rights of the "nearest relatives" of J. T. Jones, deceased, have been properly adjudicated by the Court below and all necessary parties were properly before the Court.

The remaining question for decision is whether there was a sufficient showing of the reasonable necessity for the exchange of the properties and of the fairness of such. The testimony conclusively shows that the property offered by Walter S. Griffin for the Jones property he was receiving, was at least of equal value. It was appraised by competent and reputable real estate dealers. There can be no question but that the exchange from a purely monetary value standpoint was fair. The Master so found and this finding was concurred in by the County Judge in the original action. The trial Judge, in this case, has so found. Thus, we have three concurrent findings of fact upon this issue, and there is an abundance of testimony to sustain such finding. We are, therefore, bound by the rule that in an equity case where the findings of fact by a Master are concurred in by the County and Circuit Judge, that such are conclusive upon this Court, and will not be disturbed

unless it is shown that such findings are without any evidence to support them, or are against the clear preponderance of the evidence. *Oswald v. Oswald,* 230 S. C. 299, 95 S. E. (2d) 493; *Dean v. Dean,* 229 S. C. 430, 93 S. E. (2d) 206; *Meyerson v. Malinow,* 231 S. C. 14, 97 S. E. (2d) 88.

The facts, as related in the testimony, show the husband of Parie Lee Green, the life tenant, was physically incapacitated. It was also testified that an additional income was needed by the life tenant for the living expenses of her family and to make repairs on other property of the testator. It was also shown that the property to be received from Walter S. Griffin would return a gross rental of $265.00 per month. The property to be conveyed was producing an annual income of approximately $200.00. It is our opinion that this testimony supported the finding of the Master, which later was confirmed by the Greenville County Court, that a reasonable necessity existed for the exchange. We agree with the findings below that the exchange was for "the decided best interest" of all parties having an interest vested, contingent or remote. We should again point out that the title to the property to be received will be in the same parties as was the Laurens Road property. We point out that in this case the guardian *at litem,* Hubert E. Nolin, an honored and respected member of the Bar of this State, has made an independent and thorough study of the properties and has sought expert advice as to the relative values thereof, and that he has concluded that the exchange was fair, just and reasonable.

. It is pointed out by the appellants that in the case of *Kirkham v. First National Bank of City of New York, supra,* that the property in such case was being sold for a cash consideration, and that no case has been found where the Court had authorized an exchange of property. In the *Kirkham case,* the Court required the trustee to give proper surety for the performance of the trust. Here, the rights of the remaindermen are fully protected by reason of the fact that no disposition of the property received in exchange for

the property conveyed to Walter S. Griffin can be effected without prior judicial approval.

In the case of *Bettis v. Harrison,* 186 S. C. 352, 195 S. E. 835, 837, this Court said:

"Ever since the case of *Bofil v. Fisher,* 3 Rich. Eq. 1, 55 Am. Dec. 627, the right of the court of equity upon a proper showing to sell trust property for change of investment with all interested parties *in esse* before the court has been unquestioned. Such a suit will bar unborn contingent remaindermen. The court by its decree acts on the property and disposes of that, and the purchaser takes a good title to the property sold. The fund arising from such a sale is managed or supervised by the court in its administrative capacity and the rights of all parties in interest are transferred from the property to the fund. The idea in such cases is that the rights of all parties are preserved by such a proceeding."

It is our conclusion that the judicial proceedings in the first action were proper and that there were no defects, irregularities or omissions in said proceedings which placed any cloud upon the title to the property in question. It is further our opinion that the deed executed by the Master of Greenville County, pursuant to such decree, conveying the Laurens Road property to Walter S. Griffin, *et al.,* conveyed a good and marketable fee simple title to the said property, free of any liens, encumbrances and clouds on the title.

The lower Court was also correct in holding that the rights of the defendants claiming by, through or under the will of J. T. Jones, deceased, be transferred to the property received in exchange for the property conveyed.

The exceptions of the appellants are overruled and the judgment of the lower Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.