17805

Ex parte Mary Elizabeth Dobson ATKINSCON, Petitioner-Appellant.
In re Hoyle Lawrence DOBSON, Plaintiff-Respondent,
v. Mary Elizabeth DOBSON, Defendant

(121 S. E. (2d) 4)

Messrs. *O. L. Long,* of Laurens, and *Thomas H. Pope,*
of Newberry, *for Appellant,*

*Messrs. Edens, Woodward & Butler,* of Columbia, *for Respondent,*

July 18, 1961:

Moss, Justice.

Mary Elizabeth Dobson Atkinson, the appellant herein, and Hoyle Lawrence Dobson, the respondent herein, were husband and wife from the time of their marriage on May 11, 1953, until May 11, 1956, at which time the respondent was granted a divorce from the appellant upon the grounds of desertion. The only child of this marriage was Sally Pamela Dobson, born March 15, 1954. At the time of the divorce between the parties to this action, her custody was awarded to the appellant with the respondent having certain visitorial privileges.

The appellant did thereafter marry Dr. J. E. Atkinson, a Captain in the United States Army, and he was at such time under orders for a two year tour of duty upon the Island of Taiwan. When the respondent learned that it was the intention of the appellant to accompany her husband to the Island of Taiwan, taking with her the child, Salley Pamela Dobson, a petition was filed by him seeking to restrain and

enjoin the appellant from removing the child from the jurisdiction of Richland County, South Carolina, upon the ground that such child was not receiving proper care, in that the mother had demonstrated a lack of love and affection for said child and did not have the temperament and disposition necessary for the rearing and caring for a child of tender years. The respondent here asked that permanent custody of the said child be awarded to him. The appellant duly filed a Return, denying the allegations of the petition which allege that she was an unfit person to have the care and custody of the child. She further set forth that she had married Dr. J. E. Atkinson, who was under orders for a tour of duty on the Island of Taiwan, and prayed that she and her husband be permitted to carry the child with them.

The case was referred to the Standing Master for Richland County for trial. After the taking of testimony, the Master filed his Report, finding that the appellant was a fit, proper and suitable person to have the care, control and custody of the said child, and that it was for the best interest of the child to be in the custody of the mother. Exceptions to the Report were duly taken by the respondent and, thereafter, the Honorable Legare Bates, Judge of the Richland County Court, confirmed the Master's Report, by a decree dated March 19, 1957. The respondent prosecuted an appeal to this Court and we affirmed the decree and judgment of the County Court. *Dobson v. Atkinson*, 232 S. C. 12, 100 S. E. (2d) 531.

The appellant, with the child, accompanied her husband to the Island of Taiwan, where they remained until Dr. Julian E. Atkinson was released from active military duty. They returned to South Carolina about the middle of September, 1958. At the time the appellant returned she was *enceinte* and her condition, according to her own statement, was "precarious." The testimony shows that upon the return of the appellant and her family to the United States, that they visited with their families for a few days and, there-

after, Dr. Atkinson did, on October 8, 1958, move to Laurens, South Carolina, to practice his profession. Shortly after moving to Laurens, the appellant entered a hospital there and was under the constant care of a physician because of a threatened miscarriage. After leaving the hospital, the appellant's physical condition did not improve and on January 17, 1959, her child was born dead. The testimony is undisputed that from the early part of November, 1958, until after the appellant lost her baby in January, 1959 she was unable to leave her home in Laurens, South Carolina, to attend court in connection with any hearings concerning the custody of Sally Pamela Dobson.

It appears that on October 13, 1958, that Honorable Legare Bates, Judge of the Richland County Court, upon the informal complaint of the respondent and his parents, addressed a letter to the appellant at the home of her parents in Columbia, South Carolina, wherein he stated that he was writing the letter in order to give the appellant the opportunity of making some satisfactory arrangements with the respondent concerning visitation privileges with the child. This letter was not delivered to the appellant because of the condition of her health. On October 30, 1958, no response having been made to his letter, Judge Bates issued a Rule to Show Cause, returnable on November 5, 1958, based on the petition of the respondent, directing the appellant to show cause (1) Why she should not be adjudged in contempt for failing to communicate with the court upon her return to the United States; (2) Why the decree of divorce should not be amended to award the custody of the child to the respondent; and (3) Why a fair division of the custody of the child should not be had. This order was not served upon the appellant because of the condition of her health. On November 4, 1958, Judge Bates issued an *ex parte* order, directing the sheriff of Richland County to take Sally Pamela Dobson into his custody and deliver her to the respondent, such custody of the said child with the respondent is "temporary and during the pendency of the merits of the petition

filed in this cause, that said custody be awarded to Hoyle Lawrence Dobson." On November 15, 1958, the appellant petitioned the court for the modification of the order of November 4, 1958, and asked that the original order of the court, granting custody of the child to the appellant, be reinstated. The petition of the appellant set forth the condition of her health and asserted her need for the comfort and society of her child. A hearing was had before Judge Bates on November 20, 1958, the appellant appeared by counsel. Dr. Atkinson also appeared and testified as to the condition of the health of the appellant, she being unable to attend because of such condition. It appears that on November 21, 1958, Judge Bates passed an order denying the appellant's petition but modified the order of November 4, 1958, so as to provide weekend visitation privileges to the appellant. He likewise continued in effect the order of November 4, 1958, until the appellant was able to appear personally for a full hearing on the petition and Rule to Show Cause initiated by the respondent on October 30, 1958. On January 22, 1959, Judge Bates passed a consent order reciting that because the appellant was still unable to appear for a hearing, the weekend visitation privileges set forth in the order of November 21, 1958, should continue until the further order of the court.

A hearing was scheduled for April 1, 1959, before Judge Bates on respondent's petition of October 30, 1958, and the parties appeared personally and by counsel. After an informal conference, Judge Bates orally declined to modify his previous order. No formal order was ever rendered. The custody of the child remained with the respondent under the previous orders of the court, and the appellant continued to avail herself of the weekend visitation privileges provided in such orders.

The appellant, on October 8, 1959, petitioned the court that the custody of Sally Pamela Dobson be confirmed to her in accordance with the decrees of the County Court

dated May 11, 1956 and March 19, 1957. The respondent duly filed his answer to this petition on December 3, 1959. This matter was, by order of Judge Bates, referred to the Master for Richland County to take the testimony and to report his conclusions of fact and law as to the proper custody of the infant child. Pursuant to this order of reference, the Master duly convened a hearing and took the testimony offered by the parties. The Master filed his Report on March 7, 1960, in which he found, *inter alia:* (1) That the County Court very, wisely passed an order granting custody of the minor respondent during the illness of the appellant, (2) That the appellant, the mother of the infant child, has fully recovered from her illness, and lives with her husband in Laurens, South Carolina, in a home located in a highly respected neighborhood, and devotes her entire time to her household duties and is now able to care for the child; (3) That the respondent is relying upon the identical grounds which have heretofore been adjudicated in the original divorce action and in the action granting permission to the appellant to take the infant to the Island of Taiwan; (4) That the welfare of the child is the first consideration of the Court; (5) That the respondent and his mother did an excellent job of looking after the infant during the illness of the appellant; (6) That since the appellant has fully recovered and devotes her full time to her household duties, the custody of the infant should be returned to her; and (7) That respondent should have proper and adequate visitorial privileges.

The respondent filed numerous exceptions to the Master's Report and on June 4, 1960, Judge Bates signed a decree sustaining all of the exceptions to the Master's Report and ordered that the custody of the child be lodged in the respondent under the orders of the court dated November 4, 1958, November 21, 1958 and January 22, 1959, until the further order of the court. In some respects he modified the visitorial privileges previously granted to the appellant.

Within due time the appellant gave notice of intention to appeal to this Court.

The first question for determination is what effect did the orders passed by Judge Legare Bates, dated November 4, 1958, November 21, 1958, and January 22, 1959, have upon the permanent custody of the infant Sally Pamela Dobson.

When the divorce decree of May 11, 1956 was granted, the appellant was given the care, control and custody of the infant child, with visitorial privileges to the respondent. Subsequently, upon the marriage of the appellant and Dr. J. E. Atkinson, and the announced intention of the appellant to take the infant child to the Island of Taiwan, the respondent sought to prevent the appellant from so doing, and to obtain custody of the child. Upon the trial of this case it was found by the Standing Master of Richland County that the appellant was a fit, proper and suitable person to have the care, control and custody of said child, and that it was for her best interest to be in the custody of the appellant. This finding of fact was approved by the lower Court and such was affirmed by this Court. 232 S. C. 12, 100 S. E. (2d) 531.

The *ex parte* Order of November 4, 1958, issued by the trial Judge, shows on its face and by its terms that such "is temporary" and gave the custody of the infant child to the respondent, pending the trial of the issue of whether or not her custody should be awarded to the respondent. The Order of November 21, 1958 simply continues in force and effect the temporary Order of November 4, 1958 "until the defendant is able to personally appear in this court for a full hearing on the Petition and Rule to Show Cause" initiated by the plaintiff on October 30, 1958. It was further stated in such Order that the appellant would be unable to appear for a period of approximately two and one-half months because of her physical condition. The Order of January 22, 1959 held that the appellant was still unable to come to court for a hearing because of her condition of health and directed that the visitation privileges set forth

in the Order of November 21, 1958, which said Order incorporated the Order of November 4, 1958, be continued until the further order of the court. It is thus apparent to us that all three of the Orders above referred to were temporary in nature and did not attempt to fix the permanent custody of Sally Pamela Dobson. We agree with the finding of the Master of Richland County and with the trial Judge that the father and mother of the respondent, according to the evidence, did an excellent job in caring for the infant child while she was temporarily in the legal custody of the respondent. We further agree that during the period of illness of the appellant, the court very wisely entrusted and awarded the temporary custody of the child to the respondent, because of the changed circumstances with reference to the health of the appellant. We have held that changed circumstances may authorize a change of custody. *Moore v. Moore,* 235 S. C. 386, 111 S. E. (2d) 695, and *Williams v. Rogers et al.,* 224 S. C. 425, 79 S. E. (2d) 464. In the last cited case it was held that the court may at any time on the application of any interested party, or even on its own motion, upon sufficient showing, make further disposition of the custody of a child, if new facts and circumstances make it necessary or desirable for the child's welfare. It was further held that a judicial award of the custody of a child is never final.

We come now to the issue as to who should be awarded the custody of Sally Pamela Dobson. In considering this question, we recall the wise statement of the late lamented Chief Justice Stukes, in *Moore v. Moore,* 235 S. C. 386, 111 S. E. (2d) 695. 698, when he said: "The custody of children of separated and contending parents usually, as here, presents a difficult and delicate problem." This Court has held in numerous cases that the controlling question and the dominant consideration is the welfare of the child, and what is for the child's best interest. *Dobson v. Atkinson, supra; Moore v. Moore, supra; Koon v. Koon et al.,* 203 S. C. 556, 28 S. E. (2d) 89; and the cases therein cited. Sections 20-

115 and 31-51 of the 1952 Code expressly provide that the welfare of the child is the first consideration of the Court.

This action is one in equity. Section 20-105 of the 1952 Code. The Master found that it was to the best interest of the infant child that custody be placed with the appellant. The County Judge held that it was for the best interest of the infant child that custody be placed with the respondent. Since the Master and the County Judge disagreed as to who should have custody of the child, we shall determine the question according to our own view of the evidence. *Harvey v. Harvey,* 230 S. C. 457, 96 S. E. (2d) 469; *Sherbert v. Sherbert,* 237 S. C. 449, 117 S. E. (2d) 715.

When considering the question of the custody of a child between estranged parents, the recommendation of the Master is entitled to considerable weight because of his opportunity to observe the witnesses, while this Court is confined in its consideration, on appeal, to the cold record of the testimony, the controlling question always being the welfare of the child. *Dobson v. Atkinson, supra.*

The testimony shows that the appellant and her husband are well established in the City of Laurens. They own a new home in one of the best residential sections of the city. Dr. Atkinson's income from his profession for the year prior to the hearing before the Master was approximately $25,000.00. He has provided his wife with a family car and a full-time servant. They have joined the First Baptist Church of Laurens and the child is enrolled in the Sunday School of the Church. The appellant has fully regained her health and devotes her entire time and attention to her household duties. Dr. Atkinson testified he loved the infant child as well as he could one of his own. The record is devoid of any evidence that the appellant or her husband are not fit, proper and suitable persons to have the care, custody and control of the infant child involved in this case.

The respondent is gainfully employed and works from 8:00 o'clock in the morning until 5:00 o'clock in the afternoon. On many Fridays and Saturdays he is away from home conducting Marionette or Puppet shows. He cannot spend much time with his daughter. He is dependent upon his mother to look after the child. The good reputation of the parents of the respondent is beyond question. They have a proper home in which to keep the infant child.

The Master, in finding that the custody and possession of the infant child should be given to the mother, said:

"As above stated, the father and his mother have done an excellent job in caring for and looking after the child, and during the illness of the mother it was right and proper that the custody and possession of the child should be with the father and grandmother; that since the mother has fully recovered and devotes her full time to the household duties, I am forced to the conclusion that, due to the tender years of the child, and due to the fact that as the child grows older the grandmother, who now has the responsibility of looking after her granddaughter, is likely to become more unable to care for the child than the mother, who is a younger person, the custody and possession of the child should be returned to the mother, since the paramount right of the parents of a child must receive first consideration."

The case of *Moore v. Moore, supra,* involved the custody of a two and one-half year old son of the parties. The trial court awarded his custody to the mother. This Court affirmed such award, the child being at the time approximately four and one-half years of age. We said:

"Ordinarily and other things being at least equal, the custody of a child so young as this will be entrusted to the mother. 17A Am. Jur., 14, Sec. 819; *Wolfe v. Wolfe, supra,* 220 S. C. 437, 68 S. E. (2d) 348; and *Poliakoff v. Poliakoff, supra,* 221 S. C. 391, 70 S. E. (2d) 625."

In 17A Am. Jur., Divorce and Separation, section 819, at page 14, we find the following:

"Ordinarily the custody of an infant of tender years, or of a girl of more mature years, should be given to the mother if she is found to be fit to have custody and can supply a proper home. This rule may well be applicable notwithstanding the divorce is granted to the father. Nevertheless, the mere fact that both parents are found to be fit does not require that a young child be awarded to the mother; the comparative fitness of the homes of the parents and other factors must be considered; * * *. In a few cases it is said that neither parent has a paramount right over the other to the custody of a minor child. But it might be evident that this is a theoretical proposition which generally gives way, in the case of children of tender years, to a preference for the mother."

In *Poliakoff v. Poliakoff,* 221 S. C. 391, 70 S. E. (2d) 625, 628, this Court awarded the custody of a six year old boy to his mother. There, as here, the evidence established that either the father or mother was a fit person to have the custody of the child. This Court said:

"In view of his tender years, we think the mother, who has been without him for approximately nine months, should be given custody, subject to the terms and conditions hereinafter stated, until there can be a trial and determination of the issue on the merits."

The case of *Wolfe v. Wolfe,* 220 S. C. 437, 68 S. E. (2d) 348, 350, was an action by the husband against the wife for a divorce on the ground of desertion and for the custody of two infants of the ages of five years and three years at the time of the judgment of the lower Court. The trial Judge granted the divorce and awarded the children to the father. This Court, in reversing the award of the custody of the children to the father, said:

"On the issue as to who should have the custody of the two children, we agree with the Circuit Judge that there is little to choose between the situation presented by the husband and that of the wife. Both are working and both would

have to depend upon their close relatives to care for the children a portion of the time, and nothing appears in the record that would impel the Court to deprive either of the parents of the custody of the children, but for their living separate and apart. This being the situation and the primary consideration being what is best for the children, *Koon v. Koon,* 203 S. C. 556, 28 S. E. (2d) 89, due to their tender age, we have reached the conclusion that these children should remain in the custody of their mother for the present at least, and that the respondent should be required to contribute a reasonable amount monthly for their support, in accord with his ability to pay. In the event of changed conditions, or for other valid reasons, the respondent may hereafter apply to the Court of Common Pleas for an order transferring the custody of the children to him, or for any other relief to which he may be entitled."

After giving due consideration to entire record in this case, we conclude as did the Master, that the appellant is a fit, proper and suitable person to have the care, custody and control of the infant female child involved in this case. It is for her best interest and welfare that her custody be awarded to the mother, the appellant herein. Of course, the respondent is entitled to have proper and reasonable visitorial privileges with the infant child. We think that the Master has prescribed reasonable visitorial privileges. His recommendation, as to such visitorial privileges, is approved.

In view of the disposition we have made on the main questions in this case, it becomes unnecessary for us to consider the exceptions of the appellant charging the trial Judge with error in settling the statement of the case on appeal.

The decree of Judge Bates is reversed and the custody of Sally Pamela Dobson is awarded to her mother, the appellant.

Reversed.

TAYLOR, C. J., and OXNER, LEGGE and LEWIS, JJ., concur.