CHARLES L. CUMMINGS ET AL. *vs.* GERRISH MURCHISON ET AL.

Penobscot. Decided April 1, 1940. Real action certified on report on an agreed statement of facts by consent of the parties.

The case shows that on August 26, 1930, Charles L. Cummings of Lincoln, Maine, gave to his wife, Carrie M. Cummings, certain real estate in Lincoln of which he was then seized. The conveyance was made by a warranty deed in the usual form containing, after a description of the real estate, the following provision:

"It is agreed and understood that any of the above property that may belong to said Carrie M. Cummings at the time of her death shall go to the children of the said Charles L. Cummings. This property is not to be sold by Mrs. Carrie M. Cummings."

Both the grantor and grantee in this deed are now dead. The children of Charles L. Cummings demand the premises conveyed by their father to his wife under the provision of his deed that on her death the property should go to them. The defendants are in possession of the property as tenants of the sole heir of the wife. The issue is whether the demandants have the better title to the lands in controversy upon a proper construction of the grantor's deed.

The majority of the Court are of the opinion that the defendants must prevail. The deed before the Court falls within the rule that a grantor cannot destroy his own grant, and having once granted an estate in his deed, no subsequent clause, even in the deed itself, can operate to nullify it. This rule has been recently restated in *Inhabitants of Canton* v. *Trust Company*, 136 Me., 103, 106, 3 A., 2d., 429; See *Shepherd Company* v. *Shibles*, 100 Me., 314, 61 A., 700; *Maker* v. *Lazell*, 83 Me., 562, 22 A., 474.

The case must be remanded to the Trial Court in which the report originated for entry of judgment for the defendants. So ordered. *Fellows & Fellows*, for plaintiffs. *E. A. Atherton, C. J. O'Leary*, for defendants.