Charles JACKSON

v.

Richard S. BRETON, et al.

Supreme Judicial Court of Maine.

Argued June 19, 1984.

Decided July 31, 1984.

Skelton, Taintor, Abbott & Orestis, Stephen P. Beale (orally), Jill L. Ansheles, Lewiston, for plaintiff.

Fales & Fales, Roscoe H. Fales (orally), Lewiston, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Charles Jackson, life tenant under the will of Annie K. Gayton, appeals from a judgment on the pleadings entered by the Androscoggin County Probate Court. On appeal, Jackson argues the Probate Court erred in deciding it lacked equity jurisdiction to grant the relief his complaint[1] requested. We agree with the appellant's contention, and vacate the judgment.

The will of Annie K. Gayton, who died February 13, 1968, provided as follows:
I give, devise and bequeath the farm occupied by me on Lisbon Ridge consisting of land and buildings, stock, machinery and furnishings and all things used in connection therewith, to my son, CHARLES N. JACKSON, to have and to hold during his natural life and after the expiration of the life tenancy I direct that my executor sell the farm and property described in this request, which shall go to the following persons in the

---

1. To the extent here relevant, this civil proceeding in the Probate Court is controlled by the Maine Rules of Civil Procedure. *See, e.g.,* M.R. Prob.P. 8(b) and 12(b). Because this action was brought as a civil proceeding, invoking the equity jurisdiction of the Probate Court, Jackson's pleading, which he labelled "petition," should properly be denominated a complaint, and we treat it as such. M.R.Prob.P. 3(b) provides: "Except as otherwise provided by statute or these rules, a civil proceeding is commenced in the manner provided for civil actions by Rule 3 of the Maine Rules of Civil Procedure." M.R. Civ.P. 3 states, in part: "Except as otherwise provided in these rules, a civil action is commenced (1) by the service of a summons and complaint, or (2) by filing a complaint with the court." *Cf. Roussel v. State,* 274 A.2d 909 (Me. 1971) (decided prior to adoption of Probate Code and Rules of Probate Procedure).

following shares: Shannon Lee Breton, Ronald S. Breton, Richard L. Breton, each to have an undivided ⅓, but if Ronald S. Breton should not be living at that time, then his share shall go to the other children in equal shares.

On July 16, 1983, Charles Jackson, the life tenant, filed a complaint in the Probate Court for license to sell the subject property. The complaint states that Jackson is 74 years old, a deaf mute, and unable to maintain the property, so that its condition is deteriorating; that the property is operating at a net out-of-pocket cost to the life tenant, and he will be unable to pay taxes coming due; and that the remaindermen have interests only in the market value of the property, not interests in the property itself, because the will directs the executor to sell the real estate upon Jackson's death and to distribute the proceeds. Jackson requested the court grant him leave to sell the property, to deposit the proceeds in an interest-bearing investment account, and to use the income and principal for his own maintenance, with the balance distributed to the remaindermen on his death.[2]

▅▅▅ Two of the three remaindermen, Richard Breton and Shannon Breton, answered, both raising res judicata as an affirmative defense.[3] On November 17, 1983, Richard Breton moved for judgment on the pleadings, pursuant to M.R.Civ.P. 12(c).[4] After a pretrial conference, and consideration of memoranda filed by both sides, the court granted Breton's motion, and entered judgment for all the defendants. In denying Jackson's requested relief, the order explained the Probate Court

"is a statutory court and lacks explicit authority to order such a sale," and therefore was without jurisdiction to grant the complainant the equitable relief he sought.

We disagree with the Probate Court's conclusion. Title 4 M.R.S.A. § 252 (1979) expressly confers equity jurisdiction on the probate courts:

> The courts of probate shall have jurisdiction in equity, concurrent with the Superior Court, of all cases and matters relating to the administration of the estates of deceased persons, to wills and to trusts which are created by will or other written instrument. Such jurisdiction may be exercised upon complaint according to the usual course of proceedings in civil actions in which equitable relief is sought.

In *Staples v. King*, 433 A.2d 407 (Me.1981), we explained:

> [T]he relevant inquiries in determining whether the Probate Court has subject-matter jurisdiction of an action are, first, whether the case relates to an estate, will, or a trust; and second, whether the relief sought is equitable rather than legal.
>
> . . . .
>
> ... [T]he modern Probate Court [is] endowed with equity jurisdiction in all matters relating to the administration of decedents' estates ....

*Id.* at 412. There is no doubt that the present case relates to the estate of Annie K. Gayton, and to the provisions of her will. Also, Jackson clearly is asking for equitable relief. In effect, he seeks the

---

**2.** Jackson's complaint also sought, in the alternative, that the remaindermen be required to purchase his life interest in the real estate. The Probate Court's order did not address this request directly, and Jackson has not pressed for this relief on appeal.

**3.** The answers of these two remaindermen state that in 1978 Charles Jackson sought, and was denied by the Superior Court sitting as the Supreme Court of Probate, the same relief his new complaint requests. The parties disagree as to whether the res judicata issue has been waived. It need not concern us in the present appeal,

however, because raised as an affirmative defense, it is properly to be ignored by the court ruling on a motion for judgment on the pleadings. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.14 at 253–54 (2d ed. 1970).

**4.** This motion, when made by the defendant, may be viewed as the equivalent of a motion to dismiss for failure to state a claim upon which relief can be granted, M.R.Civ.P. 12(b)(6), as the pleadings closed with the answers, and affirmative defenses raised by the defendants are taken as denied, under M.R.Civ.P. 8(d). 1 Field, McKusick & Wroth, *supra*, at 253–54.

court's permission to amend the terms of his life estate by allowing sale of the subject property before, rather than at the time of, his death, not only to provide some income to him, but also to prevent further deterioration of the property. We agree with the reasoning of those courts that have held the economic distress of a life tenant furnishes a sufficient basis for the invocation of the court's equitable power to sell property encumbered by future interests, when the distress presumably could be alleviated by sale of the premises of the life estate and investment of the proceeds so as to provide an income for the life tenant, while protecting the interests of the remaindermen. *See, e.g., Williams v. Colleran*, 230 Ga. 56, 195 S.E.2d 413 (1973); *Baker v. Weedon*, 262 So.2d 641 (Miss. 1972); *Caine v. Griffin*, 232 S.C. 562, 103 S.E.2d 37 (1958); and cases cited in Annot., 57 A.L.R.3d 1189 (1975) ("Court's Power to Order Sale of Property Subject to Legal Life Estate, In Order to Relieve Economic Distress of Life Tenant"). L. Simes, *Handbook of the Law of Future Interests* § 53 (2d ed. 1966), states:

> By the weight of authority, equity has the power to order a judicial sale of land affected with a future interest and an investment of the proceeds in trust for the benefit of all parties in whom interests in the land were limited, where this is necessary for the preservation of all interests in the land.

*See also* L. Simes & A. Smith, *The Law of Future Interests* §§ 1941–1946 (2d ed. 1956 & Supp.1983).

We hold that the Probate Court has equity jurisdiction to allow the sale of life estate property when a life tenant is in necessitous circumstances, if the interests of the remaindermen are properly protected.

It is not clear from the face of the plaintiff's complaint that he is not entitled to any relief under any state of facts that could be proved in support of his claim. *Staples v. King*, 433 A.2d at 409. Accordingly, we find the probate judge erred in entering a judgment on the pleadings and thereby effectively dismissing the complaint. The judgment for the defendants must therefore be vacated, and Charles Jackson's complaint restored to the docket.

The entry is:

Judgment vacated.

Remanded to the Probate Court for further proceedings consistent with the opinion herein.

All concurring.

SMITH, Judge.