R. Jean WEST

v.

Charles H. WILLIAMS, et al.

Supreme Judicial Court of Maine.

Argued Oct. 3, 1989.

Decided Jan. 8, 1990.

James D. Erwin (orally), Strater, Hancock & Erwin, York, for plaintiff.

Robert P. Brown (orally), North Berwick, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Two remaindermen appeal a judgment of the York County Probate Court (*Brooks, J.*) authorizing the holder of a life estate in land and buildings to sell part of the property because she is unable to maintain it. We vacate the judgment and remand with direction to dismiss the complaint because certain statutory procedures were not followed.

The will of R. Jean West's mother left her a life estate in four cottages on four contiguous lots on the coast in York Beach. Under the will, the remainder is devised to West's issue *per stirpes* upon her death. On her complaint, the court authorized West to sell three of the four parcels because West was unable to maintain the property due to ill health and because she was in economic distress. The court ordered that the proceeds of the sale be held in trust, with the net income of the trust to go to West and the principal to her issue. Two of West's children, Charles H. Williams and Susan L. Neal, appeal the court's decision, arguing that the court lacked jurisdiction, that West failed to prove she was in necessitous circumstances, and that the court failed to protect the interests of the remaindermen.

None of the parties discussed why this action was not brought by petition pursuant to 33 M.R.S.A. § 153 (1988) as it should have been. Because the will provided that the property was to go to West's issue *per stirpes* upon West's death, Williams and Neal have contingent remainders. *See Merrill Trust Co. v. Perkins,* 142 Me. 363, 53 A.2d 260 (1947) (remainder is contingent where heirs who would take are determined as of date of death of beneficiary rather than date of death of testator). Thus, the sale of the property is governed by 33 M.R.S.A. §§ 153–55, which contain several provisions designed to protect persons interested in the real estate. Among these requirements are notice, the appointment of a trustee to sell the property, the posting of a bond by the trustee and the appointment of someone to represent persons not ascertained and persons not in

being who are or may become interested in the real estate.

 Contrary to the argument of the remaindermen, partition is not the exclusive remedy and the court did not lack jurisdiction. West's failure to proceed pursuant to the statute, however, did render her complaint defective. Moreover, her reliance on our decision in *Jackson v. Breton*, 484 A.2d 256 (Me.1984) is without merit. In *Jackson*, the remainder interest was in the proceeds of the sale of the real estate, not in the real estate itself.

Because we remand for the court's dismissal of this action without prejudice, we do not reach the issue whether West demonstrated that she was in necessitous circumstances that would warrant the sale of the property.

The entry is:

Judgment vacated.

Remanded for entry of an order dismissing the complaint without prejudice.

All concurring.