**Byron V. WHITNEY**

v.

**TOWN OF WOODVILLE.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 9, 1990.
Decided June 1, 1990.

**314**

John E. McKay, Eaton, Peabody, Bradford & Veague, P.A., Bangor, for plaintiff.

Patricia R. Locke, Lincoln, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

The Town of Woodville appeals from the judgment of the Superior Court (Penobscot County, *Silsby, J.*) declaring that Byron Whitney is the owner of Lot 88, a 200–acre parcel of land in that town. We reject the Town's contention that the Superior Court erred in deciding that the granting clause of the Town's deed to Whitney's predecessor in title was not diminished by a subsequent reference to the source of title and affirm the judgment.

Byron Whitney succeeded to the ownership of a parcel of land located in Woodville under the terms of the will of his father, Van Whitney,[1] who purchased the land in 1943 for $26.75 from the Town of Wood-

ville. The quitclaim deed to Whitney described the property as

> a certain peice [sic] or parcel of land situate in said Town of WOODVILLE ... described as follows, viz: Being lot numbered (88) eighty eight according to plan and survey of the Town of Woodville. The above lot or parcel being known as the Mrs. E.M. Davis lot.

In June of 1986, Byron Whitney brought a complaint for declaratory relief (*see* 14 M.R.S.A. §§ 5951–5963 (1980 & Supp.1989)) seeking a declaration of his ownership of Lot 88. At trial, the parties stipulated to the admission into evidence of the various deeds and the original recorded plan of the Town of Woodville (referenced in the deed) which included Lot 88, and further stipulated that the Town owned the whole of Lot 88 at the time of the 1943 conveyance. No testimonial evidence was submitted. Based on the evidence and the stipulations, the court determined that the 1943 deed vested title to the entire Lot 88 in Van Whitney, Byron Whitney's predecessor in title, and entered judgment declaring Whitney to be the owner of the entire parcel. This appeal by the Town followed.

The Town argues that Whitney owns only a portion, and not all of Lot 88. Although conceding that it owned all of Lot 88 at the time of its conveyance to Van Whitney, the Town contends that by the 1943 deed it intended to convey not the entire Lot 88, but only the easternmost 50 acres of Lot 88 that the Town had derived from Mrs. E.M. Davis for nonpayment of real estate taxes.

The Town contends that the deed's references to Lot 88 as well as to the Davis lot as the source of title to describe the property to be conveyed are inconsistent and create an ambiguity that precludes this judgment for Whitney based solely on the documentary evidence. We disagree. The parties stipulated to the admission of the evidence[2] and based upon it, the Superior

---

1. Byron Whitney also received deeds to Lot 88 from the personal representative of the Estate of Van Whitney and the residuary beneficiaries under Van Whitney's will.

2. On appeal, the Town also argues that its mistake as to the ownership of Lot 88 may be the basis for establishing title by adverse possession. *Emerson v. Maine Rural Mission Ass'n,* 560 A.2d 1, 2 (Me.1989); 14 M.R.S.A. §§ 801–810 (1980). This contention was not raised at

Court correctly concluded that the 1943 deed conveyed all of Lot 88 to Van Whitney.

"[T]he cardinal rule for interpretation of deeds is the intention of the parties as expressed in the instrument. . . ." *Cushing v. State*, 434 A.2d 486, 494 (Me.1981); *see also Kinney v. Central Maine Power Co.*, 403 A.2d 346, 349–50 (Me.1979). That intent may be effectuated when manifested by language that comports with certain "positive rules of law." *Maker v. Lazell*, 83 Me. 562, 565, 22 A. 474 (1891); *see also Strout v. Burgess*, 144 Me. 263, 286, 68 A.2d 241 (1949).

> There is one rule pertaining to the construction of deeds, as ancient, general, and rigorous as any other. It is the rule that a grantor cannot destroy his own grant, however much he may modify it or . . . condition [it],—the rule that, having once granted an estate in his deed, no subsequent clause, even in the same deed, can operate to nullify it.

*Maker*, 83 Me. at 565, 22 A. 474 (citations omitted); *accord Page v. Nissen*, 254 A.2d 592, 595 (Me.1969).

Under the 1943 deed, Whitney's predecessor took title to Lot 88 "according to [the] plan and survey of the Town of Woodville." That grant is absolute and was not diminished by the subsequent reference to the source of the Town's title, Mrs. E.M. Davis. *Page*, 254 A.2d at 594–95; *Maker*, 83 Me. at 566, 22 A. 474. The court correctly applied the law to the stipulated facts and committed no error.

The entry is:

Judgment affirmed.

All concurring.

the hearing in the Superior Court and we therefore decline to address its merits.