1999 ME 128

**Constance BOYER**

v.

**James BOYER et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 27, 1999.

Decided Aug. 5, 1999.

Joseph O'Donnell, Goodspeed & O'Donnell, Augusta, for the plaintiff.

Douglas J. Payne, Brunswick, for the defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Defendants, James Boyer, Wendy Boyer, and Julia O'Leary appeal from the judgment entered in the Superior Court (Kennebec County, *Hjelm, J.*), affirming an order of the District Court (Waterville, *Mullen, J.*), denying a M.R. Civ. P. 60(b)(4) motion to set aside a judgment which ordered a partition of real property in Belgrade to be carried out by a sale. They contend that the order of partition by sale entered by the District Court, at the request of Constance Boyer, should be set aside for lack of subject matter jurisdiction. Because we agree that the District Court lacks statutory and common law equitable jurisdiction to order the kind of partition by sale ordered in this case, we vacate the judgment.

[¶ 2] Kenneth J. Boyer and Eleanor R. Boyer conveyed their seasonal real estate located on the shore of Long Pond in Belgrade to their son Leigh R. Boyer. The warranty deed provided, *inter alia,*

> The said grantee, Leigh Richards Boyer, is to have full power to enjoy or sell, mortgage or convey said property during his lifetime. In the event the said Leigh Richards Boyer is still in possession of said lot herein conveyed at the time of his death, then in that event, the premises shall pass to his wife, if he is married at his death, for her life only, and at her death, the premises shall pass to the issue natural or adopted, if any, of Leigh Richards Boyer, and if there are no such issue, then to any living children of Kenneth Glenn Boyer, their heirs and assigns forever.

> In the event that any betterments have been erected on the premises when such premises pass to my grandchildren, then said benefitting grandchildren shall pay to the estate of Leigh Richards Boyer or his wife, just compensation for the value of such betterments.

Leigh Boyer died leaving a widow, Constance Boyer, and no children. Kenneth G. Boyer, Leigh's brother, survived Leigh. Kenneth has three grown children, James Boyer, Wendy Boyer, and Julia O'Leary, the grandchildren of Kenneth J. and Eleanor Boyer. They are the defendants who bring this appeal.

[¶ 3] Because Constance Boyer, who used the Belgrade property, could not afford to maintain it and pay the taxes, she filed a complaint in the District Court requesting that the District Court partition the property pursuant to 14 M.R.S.A. §§ 6501, 6502 (1980 & Supp.1998). She asked the District Court to order a sale of the property, to distribute her share of the proceeds directly to her, and to place the share of the proceeds belonging to the grandchildren in a trust. Constance Boyer named the grandchildren, and the children of Kenneth G. Boyer who are unknown or not yet born, as the defendants.[1] Constance Boyer contended that her share of the proceeds of the sale of the Belgrade property should be increased to reflect the value of the betterments to the property, particularly "the construction of a cottage, a deck, a dock, a storage shed and septic system, the building of a driveway and the drilling of a well."

[¶ 4] Pursuant to M.R. Civ. P. 56(a), Constance Boyer moved for a summary judgment. The only person who filed an objection and response to the summary judgment motion was Kenneth G. Boyer.[2] The District Court, finding no genuine issue of material fact, granted a summary judgment in favor of Constance Boyer and ordered the partition of the property by sale. The court valued the betterments to the property at $20,000. The court specifically concluded that Constance Boyer is a life tenant in the Belgrade property and that the grandchildren each possess a remainder interest in the property, although the class of persons with remainder interests remains open. The judgment was entered on January 16, 1998. No party filed an appeal from the judgment.

[¶ 5] On March 5, 1998, the grandchildren moved for relief from the judgment pursuant to M.R. Civ. P. 60(b)(4), on the grounds that the judgment is void because the District Court lacked subject matter jurisdiction. Concluding it had jurisdiction to hear the matter, the District Court denied the motion. The grandchildren appealed the District Court judgment to the Superior Court, which affirmed the District Court's decision. This appeal followed.

[¶ 6] When a Superior Court acts in an appellate capacity, we directly review the record of the District Court. See Nordberg v. Nordberg, 658 A.2d 217, 219 (Me.1995). M.R. Civ. P. 60(b)(4) provides that a party may be relieved from a final judgment if the judgment is void.[3] A challenged judgment is either valid or void and thus a motion for relief pursuant to M.R. Civ. P. 60(b)(4) is not subject to the discretion of the court. See Hamill v. Bay Bridge Assocs., 1998 ME 181, ¶ 4, 714 A.2d 829, 831 (citing Land Use Regulation Comm'n v. Tuck, 490 A.2d 649, 652 (Me. 1985)). A judgment is void and must be vacated if the court issuing the judgment lacks subject matter jurisdiction. See Coombs v. Government Employees Ins. Co., 534 A.2d 676, 678 (Me.1987). Subject matter jurisdiction refers to the "[p]ower of a particular court to hear the type of case that is then before it." See Wright v. Department of Defense and Veterans Servs., 623 A.2d 1283, 1284 (Me.1993) (quoting BLACK'S LAW DICTIONARY 767 (5th ed.1979)). It is the burden of the party attacking the judgment "to demonstrate

---

1. The District Court appointed Dennis L. Jones, Esq. to serve as the guardian ad litem for the unascertained children of Kenneth G. Boyer.

2. Kenneth G. Boyer is not a party to this action, nor is he a licensed attorney representing a party to this action. Thus, as the Superior Court noted, Kenneth G. Boyer's submission on behalf of his children has no effect.

3. M.R. Civ. P. 60(b) provides,

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void .... The motion shall be made within a reasonable time .... A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

affirmatively from the face of the record that the court lacked [subject matter] jurisdiction." *Warren v. Waterville Urban Renewal Auth.*, 290 A.2d 362, 366 (Me. 1972).

[¶ 7] The grandchildren contend that the District Court lacked statutory authority to order the partition of the Belgrade property through a sale. Constance Boyer brought her petition to partition the property pursuant to 14 M.R.S.A. §§ 6501, 6502. A partition ordered pursuant to those sections, known as a statutory partition, can only be carried out by a *physical division* of the property. *See Libby v. Lorrain*, 430 A.2d 37, 39 (Me. 1981). Constance Boyer, however, requested *a sale* of the property, and sections 6501 and 6502 do not grant the District Court authority to order such a sale.[4] *Id.*

[¶ 8] Although not having authority to partition real property by sale pursuant to section 6502, the District Court does have some equitable authority to partition real property in certain circumstances. *See* 4 M.R.S.A. § 152(5)(L), (O) (Supp.1998). Constance Boyer contends that the District Court's order can be upheld because that court does possess equitable authority. Common law equitable partition, unlike statutory partition, can be accomplished by a sale of the real property, as well as by physical division. *See Libby*, 430 A.2d at 39. Whether the grandchildren are entitled to Rule 60(b)(4) relief from the court's order depends on whether the District Court has equitable power to order the sale of real property at the request of a life tenant[5] when contin-

4. Section 6501 requires that the person bringing the statutory petition action have "a right of entry into real estate in fee simple or for life, as tenants in common or joint tenants ...." The grandchildren contend that the phrase "as tenants in common or joint tenants" modifies the requirement that the person hold a fee simple or life estate. According to the grandchildren, a person can bring a partition action if that person holds the real estate either in fee simple or as a life tenant, *and* if the person is either a tenant in common or a joint tenant. Constance Boyer contends that the statute permits a person to bring an action for statutory partition in four circumstances: if the person holds the real estate in fee simple, as a life tenant, as a tenant in common, or as a joint tenant. Because we conclude that a sale of real property is not authorized pursuant to section 6501, we need not decide which party has correctly interpreted the statute.

5. In granting her petition for partition of the property pursuant to 14 M.R.S.A. §§ 6501, 6502, the District Court concluded that Constance Boyer has a life estate in the real estate. The grandchildren challenge that conclusion, contending that the language in the deed purporting to create a life estate in Constance Boyer is ineffective because it destroys the deed's apparent earlier grant of a fee simple interest to Constance's husband, Leigh Boyer. In support of their contention, the grandchildren cite to a basic rule of deed construction that "a grantor cannot destroy his own grant, however much he may modify it or condition [it], ... the rule that, having

once granted an estate in his deed, no subsequent clauses, even in the same deed, can operate to nullify it." *Whitney v. Town of Woodville*, 575 A.2d 313, 315 (Me.1990) (quoting *Maker v. Lazell*, 83 Me. 562, 565, 22 A. 474 (1891)); *see also Cummings v. Murchison*, 136 Me. 521, 521, 12 A.2d 177 (1940). Constance Boyer contends that the grandchildren cannot challenge that legal conclusion because they failed to appeal the judgment of the District Court in which the District Court made that legal determination. Because the District Court was acting outside the bounds of its jurisdiction in ordering a partition of the real estate by sale, the findings and conclusions it made in furtherance of that order are not immune from the relief provided to the defendants pursuant to Rule 60(b)(4). This case is distinguishable from *Northeast Bank N.A. v. Crochere*, 438 A.2d 266 (Me.1981), in which we held that a party cannot collaterally challenge an erroneous legal conclusion made by a court which had general jurisdiction to decide the underlying action. *See id.* at 268. In *Crochere*, the District Court had jurisdiction to impose a lien, and did so, after erroneously concluding that the property on which the lien was imposed was not exempt from attachment. *See id.* at 267–68. Here, the District Court does not have authority to order this partition by sale, regardless of the validity of its conclusion regarding Constance Boyer's status as a life tenant. Accordingly, the conclusion that Constance Boyer is a life tenant is not binding on the grandchildren.

gent remainder interests in the property exist.

[¶ 9] Relying on *Jackson v. Breton*, 484 A.2d 256 (Me.1984), Constance Boyer contends that there is equitable power to order a sale of the Belgrade property because she, as a life tenant, has shown economic distress. In *Jackson*, we stated:

> [T]he economic distress of a life tenant furnishes a sufficient basis for the invocation of the court's equitable power to sell property encumbered by future interests, when the distress presumably could be alleviated by sale of the premises of the life estate and investment of the proceeds so as to provide an income for the life tenant, while protecting the interests of the remaindermen.

484 A.2d at 258. In *Jackson*, however, it was the *Probate Court* that invoked its equitable power to order the sale of real property at the request of a life tenant. *See* 484 A.2d at 257–58. The Probate Court, like the District Court, derives its equitable power from statute. *See* 4 M.R.S.A. § 252 (1989). Section 252 provides,

> The courts of probate shall have jurisdiction in equity, concurrent with the Superior Court, of all cases and matters relating to the administration of the estates of deceased persons, to wills and to trusts which are created by will or other written instrument....

The Probate Court has equitable power to order the sale when the life tenancy and the remainder interests in the property to be sold are created by a will that was being contested, as was the case in *Jackson*. *See* 484 A.2d at 257–58. The District Court, on the other hand, does not have equitable power in all cases involving land. *Compare* 4 M.R.S.A. § 252 (equitable power of Probate Court) *with* 4 M.R.S.A. § 152(5) (equitable power of District Court).

[¶ 10] The District Court has equitable jurisdiction, concurrent with that of the Superior Court, over

> L. Actions concerning partnership, and *between partners or part owners* of vessels and *of other real and personal property* to adjust all matters of the partnership and between the part owners, compel contribution, make final decrees and enforce their decrees by proper process in cases where all interested persons within the jurisdiction of the court are made parties; [and] ...
>
> O. Actions in which the pleading demands a judgment ... *[o]therwise affecting title to any real property*....

4 M.R.S.A. § 152(5)(L), (O) (emphasis added).

[¶ 11] The legislative history of section 152 reveals, however, that unlike the Superior Court, the District Court does not have residual equitable powers. The Legislature considered legislation to grant the District Court the same equitable authority as the Superior Court. The language of section 152(5), as originally proposed, granted the District Court

> Original jurisdiction, concurrent with that to the Superior Court, of the following types of action and in these actions *as well as those described in Title 14 section 6051*, the District Court may grant equitable relief ...

L.D. 232, § 2 (114th Legis.1989). Title 14 M.R.S.A. § 6051(13) (1980) grants the Superior Court "full equity jurisdiction, according to the usage and practice of courts of equity, in all other cases where there is not a plain, adequate and complete remedy at law." Thus, the proposed legislation attempted to give to the District Court the same broad equitable powers as the Superior Court.[6] The bill's Statement of Fact

---

6. The original bill also included corresponding language to add to section 6051 to reiterate that the District Court would have the same equitable jurisdiction as the Superior Court. *See* L.D. 232, § 5 (114th Legis.1989). Title 14 M.R.S.A. § 6051 reads, "The Superior Court shall have jurisdiction to grant appropriate equitable relief in the following

stated, "This bill expands the jurisdiction of the District Courts to include the power to grant equitable relief." L.D. 232, Statement of Fact (114th Legis.1989).

[¶ 12] The language of the bill was amended, however, to eliminate the broad grant of residual equitable power to the District Court, and to specify those portions of section 6051 that should apply to the District Court.[7] *See* Comm. Amend. A to L .D. 232, No. H–508 (114th Legis.1989). Subsection (L) and (O), quoted above, are two of the subsections specifically articulated by the amendment. *See id.* The Statement of Fact accompanying the amendment explains, "This amendment grants additional equitable jurisdiction to the District Court, *but not the broad powers proposed by the bill."* Comm. Amend. A to L.D. 232, No. H–508, Statement of Fact (114th Legis.1989) (emphasis added).

[¶ 13] Accordingly, for purposes of a partition by sale, the equitable jurisdiction of the District Court is limited to cases involving part owners of real property, *see* 4 M.R.S.A. § 152(5)(L), or cases requiring a judgment "[o]therwise affecting title to any real property[,]" *see* 4 M.R.S.A. § 152(5)(O). What constitutes a part owner for purposes of a District Court's equitable jurisdiction pursuant to subsection (L) and what constitutes a judgment "[o]therwise affecting title to any real property[ ]" pursuant to subsection (O), the Legislature has not defined.

[¶ 14] Regardless of how those phrases are defined, however, the language of 33 M.R.S.A. § 153 (1999) precludes a conclusion that a sale of property at the request of a life tenant falls within the equitable jurisdiction of the District Court. Section 153 grants authority to the Superior Court and to the Probate Court, but not to the District Court, to appoint a trustee to sell real estate, on the petition of any person who has possessory interest in the real estate, even though the real estate is subject to a contingent remainder interest. *See* 33 M.R.S.A. § 153. That section, and the two sections that follow it, then set forth specific procedures to follow when selling real estate that is subject to contingent remainder interests. *See* 33 M.R.S.A. §§ 153–155. The procedures are designed to protect individuals who possess contingent remainder interests in the real estate. *See id.; West v. Williams,* 568 A.2d 823, 823–24 (Me.1990). If the District Court could order the sale of the real estate, then individuals could bring their actions in District Court and avoid the procedural protections set forth in section 153. Statutory schemes must be interpreted as a whole to avoid inconsistent results. *See Estate of Whittier,* 681 A.2d 1, 2 (Me.1996). That section 153 does not confer on the District Court the authority to appoint a trustee to sell real estate that is subject to a contingent remainder interest, while granting that authority to the Superior and Probate Courts, leads to the conclusion that there is no such authority in the District Court when contingent remainder interests exist.[8]

---

cases ....." The bill originally inserted the phrase, "[t]he District Court and[,]" to the beginning of the sentence. *See* L.D., 232, § 5 (114th Legis.1989).

7. The Committee amendments also eliminated the corresponding reference to the District Court that the original bill incorporated into 14 M.R.S.A. § 6501. *See* Comm. Amend. A to L.D. 232, No. H–508 (114th Legis.1989). Also included within the Committee amendments, however, was a change in the language of 14 M.R.S.A. § 6502, the statutory in-kind partition section, to include the District

Court as having concurrent jurisdiction with the Superior Court. *See id.*

8. The Superior Court, citing *West,* explained that "the provisions of 33 M.R.S.A. § 153 do not undermine the trial court's jurisdiction to entertain a partition action." In *West,* we held that the plaintiffs failure to file their complaint pursuant to section 153 did not undermine the Probate Court's jurisdiction to hear the action. *See* 568 A.2d at 824. We ordered the dismissal of the case without prejudice to permit the plaintiffs to file a complaint pursuant to section 153 so that the

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of a judgment vacating the judgment of the District Court.

Probate Court could follow the protective procedures required by statute. *See id.* The *West* decision, however, does not further Constance Boyer's contention that the District Court had jurisdiction to order the sale of the property. The *West* decision only makes clear that if the District Court did have jurisdiction, Constance Boyer's failure to file her complaint pursuant to 33 M.R.S.A. § 153 would not undermine that jurisdiction. *See id.*