STATE OF MAINE
CUMBERLAND, SS.



SUPERIOR COURT
CIVIL ACTION
Docket No. RE-00-112
ULH -CUM - 2/14/2002

JEAN C. PALANZA,

    Plaintiff

vs.

DECISION AND ORDER

MICHAEL B. LUFKIN,

    Defendant

DONALD L. GARBRECHT
LAW LIBRARY

FEB 14 2002

This matter is before the Court on the plaintiffs' complaint for the equitable partition of real estate situated at 1337 Edes Falls Road, Harrison, Maine ("Property").

## BACKGROUND

The Property consists of a single-family residence situated on approximately 4.5 acres of land. The home is situated in the middle of the parcel. On July 10, 1987, the Property was conveyed to Donna Woodward and the defendant Michael Lufkin, as joint tenants, for $22,000. Plaintiff's Ex. 1. In 1994, the plaintiff began residing at the Property. On March 31, 1995, Donna Woodward conveyed her undivided one-half interest to the plaintiff for $20,000. Plaintiff's Ex. 2.[1] As a result, the plaintiff and the defendant now own the Property as tenants-in-common.

---

[1] The plaintiff was formerly known as Jean Munroe and is the named grantee in the deed which is Plaintiff's Ex. 2.

1

The parties lived together on the Property from 1994 until the defendant's departure in May 1997. The plaintiff continued to reside there until late 2000. During this period, she paid all maintenance and insurance costs and the real estate taxes. She rented part of the premises from time to time, but did not derive any profit from that pursuit.

The Property was in a significant state of disrepair when the plaintiff acquired her one-half interest in 1995. The kitchen plumbing was inadequate, leaking caused damage to the flooring, bathroom fixtures were inadequate and there were structural problems. After the defendant's departure, the plaintiff made or arranged for many repairs to the home, including: repair or replacement of most of the fixtures and appliances in the kitchen and bathroom; replacement of electrical wiring throughout the house; repairs to the living room, hallway and upstairs bathroom; repairs to sills and ceiling joists in the barn and the carriage house; replacement of the siding of the barn; repairs to the roof of the house; installation of an artesian well; and replacement of the hot water heater and furnace. The court finds that the plaintiff reasonably expended $45,461.87 for these repairs and renovations and that they were necessary for the integrity, safety and insurability of the premises.[2] The plaintiff has also paid all of the parties' real estate tax obligations on the Property totalling $2,679.95. The defendant did not contribute to any of these costs. Thus, the plaintiff's contributions to the Property total $48,141.82.

_____

[2]Although the plaintiff paid a total of $50,207.87 for repairs and renovations, the court disallows $4,740 because it finds that Gary Pendexter's bill is overstated by $3,840 and the wood stove ($900) was not a necessary expenditure.

The Property was worth approximately $49,000 immediately prior to the time that the above-referenced repairs and renovations were made. Its fair market value at the time of trial was approximately $66,000. The court finds that a substantial part of this appreciation in value is attributable to those repairs and renovations. The court also finds that physical division of the Property is impractical and would materially injure the rights of the parties and that the Property should be disposed of as a single entity. *Libby v. Lorrain*, 430 A.2d 37, 39 (Me. 1981).

## DISCUSSION

Under the circumstances, a buy-out or sale of the Property pursuant to the court's power of equitable partition is the most appropriate remedy. 14 M.R.S.A. §§ 6051(13); *see also Murphy v. Daley*, 583 A.2d 1212 (Me. 1990). Mindful of the plaintiff's contributions and their appreciable impact on the value of the Property and also mindful of the duration of her exclusive possession of the Property, the court concludes that the plaintiff is entitled to credit for and reimbursement from the net equity of the Property in the amount of $48,150 and the parties are each entitled to one-half of any remaining balance of the net equity. *Libby*, 430 A.2d at 40; *see also Boulette v. Boulette*, 627 A.2d 1014, 1016 (Me. 1993).

## DECISION

Based upon the foregoing, Judgment is entered for Plaintiff on the complaint and equitable partition is ordered, as follows:

1. This Judgment pertains to that certain lot or parcel of land, together with the buildings and improvements thereon, situated at 1337

3

Edes Falls Road, Harrison, Maine, being more particularly referenced and described in a deed from Eva M. DeWitt to Michael Lufkin and Donna Woodward, dated July 10, 1987, and recorded in the Cumberland County Registry of Deeds in Book 7883, Page 177, and also a deed from Donna Woodward to Jean Munroe, now Jean C. Palanza, dated March 31, 1995, and recorded in said Registry of Deeds in Book 12093, Page 297 (hereafter, "Property").

2. All of Defendant's right, title and interest in and to the Property is hereby transferred and set over to, and full title is vested in, Plaintiff, but solely for the purposes of effecting the provisions and conditions of this Judgment, as hereafter set forth, and the recording of this Judgment on the appropriate land records shall have the force and effect of a Quit Claim deed of conveyance of the Property from Defendant to Plaintiff.

3. Purchase Option. In or within 60 days from the date on which this Judgment becomes final, Plaintiff shall either

(a) Purchase and acquire all of Defendant's right, title and interest in the Property by paying to him the sum of $8,925; or

(b) Send written notice to Defendant by United States mail, postage prepaid, at his last known address that she elects not to exercise this Purchase Option.

4. Sale Option. If Plaintiff does not exercise such Purchase Option, then no later than the 75th day following the date on which this Judgment becomes final, she shall cause the Property to be listed for sale and sold and, to this end, she shall have sole and exclusive authority to do the following:

4

(a)     Designate and engage the services of a licensed real estate broker or brokers to list and sell the Property in a commercially reasonable manner at a price reasonably approximating its fair market value based upon the recommendation(s) and advice of such broker(s); and

(b)     Enter into and execute a bona fide contract for the sale of the Property and transfer and convey all of Plaintiff's and Defendant's right, title and interest in and to the Property to a bona fide purchaser by deed in Plaintiff's name, only;

(c)     The net sales proceeds shall be paid and applied in the following order of priority:

   (i)     The sum of $48,150 shall be paid to Plaintiff; and

   (ii)    The remaining balance, if any, shall be divided equally between the parties.

(d)     For the purposes of this Judgment, "net sales proceeds" shall mean the gross proceeds from the sale of the Property less

   (i)     Payoff amounts for all liens and encumbrances on the Property jointly owed by the parties;[3]

   (ii)    Real estate broker's commission(s);

   (iii)   All usual and customary closing costs, including, but not limited to, real estate taxes and adjustments; and

   (iv)    Reasonable attorney's fees incurred by Plaintiff relating to and/or in any way connected with listing, selling and/or closing the Property pursuant to this Judgment.

(e)     Following the completed closing transaction, Plaintiff shall forthwith transmit to Defendant a bank or certified check for his share of the remaining balance of the net sales proceeds, as aforesaid, together with a written report and accounting of the sale.

---

[3]At trial, neither party presented any evidence that the Property is burdened by a mortgage or other encumbrance. Any liens or encumbrances on the Property that are not jointly owed by the parties shall be paid out of the share of the party owing such indebtedness without affecting the distributive share of the other party.

4.     This Judgment is binding upon, and shall inure to the benefit of, the parties, their heirs, successors, personal representatives and assigns.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference.

Dated:   February 4, 2002

_____
Justice, Superior Court

6

Date Filed __10-06-00__ __CUMBERLAND__ Docket No. __RE 00-112__
County

Action __EQUITABLE REMEDIES__

JEAN C. PALANZA                    MICHAEL B. LUFKIN

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DANIEL W. BOUTIN, ESQ 774-6665<br>477 CONGRESS ST., SUITE 814<br>PORTLAND ME 04101 | MICHAEL B. LUFKIN<br>BOX A<br>THOMASTON, MAINE |

| Date of Entry | |
|---|---|
| **2000**<br>Oct. 11 | Received 10-06-00:<br>Complaint Summary Sheet filed.<br>Complaint with Exhibits A and B filed. |
| "    " | |
| Oct. 19 | Received 10-18-00:<br>Summons showing officers return of service on 10-14-00 upon Michael Lufkin filed. |
| Oct. 25 | Received 10-25-00.<br>Defendant's Motion to Dismiss filed. |
| "" | Defendant's Memorandum in Support of Motion to Dismiss with Exhibit A1-Exhibit A13 filed. |
| "" | Defendant's notice to all parties filed. |
| "" | Proposed Order filed. |
| Nov. 3 | Received 11-03-00<br>Plaintiff's objection to Motion to Dismiss with Incorporated Memorandum of Law filed |
| "    " | Proposed order filed. |
| Dec. 28 | Received 12-28-00:<br>Scheduling Order filed. (Delahanty, J.).<br>Scheduling Order filed. Discovery deadline is August 28, 2001.<br>On 12-28-00 Copies mailed to Daniel W. Boutin, Esq. and Michael B. Lufkin a Box A at Thomaston, Maine. |
| **2001**<br>Feb. 22 | Received 2-22-01.<br>Plaintiff's notification of discovery service filed.<br>Plaintiff's answer to defendant's first set of interrogatories served on Michael B. Lufkin on 2-21-01. |
| **2001**<br>Mar. 1 | Received 03-01-01:<br>Letter from Daniel W. Boutin, Esq. advising that the Defendant is an inmate at the Bolduc Center in Warren, Maine filed. |

STATE OF MAINE
CUMBERLAND, SS.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

MAR 8  12 44 PM '01

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-00-112

TEH - CUM- 3/18/2001

JEAN C. PALANZA,

Plaintiff

vs.

**ORDER**

MICHAEL B. LUFKIN,

Defendant

This matter is before the court on defendant's Motion to Dismiss, dated October 23, 2000 pursuant to M.R.Civ.P. 12(b)(6). A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). The court is required to examine the complaint in the light most favorable to the plaintiff and assume that the facts and allegations made by the plaintiff are true and then determine whether the complaint alleges elements of a cause of action or facts entitling the plaintiff to rely on some legal theory. *Marxsen v. Board of Directors, M.S.A.D. #5*, 591 A.2d 867 (Me. 1991). Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts which it might provide in support of its claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996).

Applying the foregoing standard to this case, the court concludes that the complaint alleges the elements of a cause of action for equitable

1

partition. 14 M.R.S.A. §§ 6501, 6051(7) and (13) (1980). There exists two types of partition: statutory and equitable. *Libby v. Lorrain*, 430 A.2d 37, 39 (Me. 1981). While statutory partition pursuant to 14 M.R.S.A. §§ 6501 & 6502 may only be carried out by a physical division of the property, equitable partition may be accomplished by a sale of the real property as well as by physical division. *Boyer v. Boyer*, 1999 ME 128, ¶¶ 7-8, 736 A.2d 273, 276.

The court has the power to order equitable partition "[i]n cases ... between ... part owners of ... real and personal property to adjust all matters ... between such part owners, compel contribution, make final decrees and enforce their decrees by proper process ...." 14 M.R.S.A. § 6051(7) (1980). Equitable partition is a flexible procedure, allowing the equity court to order sale and division of the proceeds "where physical division is impractical or would materially injure the rights of the parties." *Libby*, 430 A.2d at 39.

The plaintiff has stated a claim for equitable partition by sale because she has alleged that she holds legal title, as a tenant in common with the defendant, to real property and a residential dwelling.[1] She has clearly described the property and has alleged that a physical division would be impractical. *See* 14 M.R.S.A. §§ 6501 & 6502 (1980 & Supp. 2000); *see also Libby*, 430 A.2d at 39.

The issue of whether the plaintiff is entitled to reimbursement for her costs because she had exclusive use of the house is not a proper subject for a

---

[1]Although the plaintiff's complaint does not specify whether the estate is held in fee simple, for life, or for a term of years, the quitclaim deed attached to the complaint establishes that the plaintiff holds the property in fee simple as opposed to a life estate or term of years. *See* Pl.'s Ex. B.

motion to dismiss. The exclusive possession of the property by one party and the credits to be given for improvements made should be considered by the court in determining how the property should be partitioned. *See Libby,* 430 A.2d at 39-40. Such factors do not impact whether the plaintiff has stated a claim for relief.

Based on this analysis, the court concludes that the defendant's motion to dismiss ought to be, and hereby is, DENIED.

Pursuant to Rule 79(a) M.R.Civ.P., the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference.

Dated: March 8, 2001

Thomas E. Humphrey
Justice, Superior Court

3

-0287

DANIEL BOUTIN ESQ
477 CONGRESS STREET SUITE 814
PORTLAND ME 04101

OURTS
County
287
4112-0287

MICHAEL BOUTIN
BOX A
THOMASTON ME 04861