2001 ME 54

**John P. SPOTTISWOODE, et. al.**

**v.**

**Timothy LEVINE, et. al.**

Supreme Judicial Court of Maine.

Argued March 8, 2001.
Decided April 4, 2001.

---

**850**

Peter Clifford, Esq., (orally), Hodsdon & Clifford, LLC, Kennebunk, for plaintiffs.

John S. Campbell, Esq., (orally), Campbell & Shanoski, P.A., Portland, for defendants.

Panel: WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Timothy and Maureen Levine appeal from the judgment entered in the Superior Court (Sagadahoc County, *Warren, J.*) affirming in part and modifying in part the Disclosure Order entered against them in the District Court (West Bath, *Vafiades, J.*).[1] The Levines argue that the District Court erred by refusing to consider an alleged agreement of the parties concerning partial satisfaction of the judgments.[2] We agree and vacate the Disclosure Order.[3]

---

1. The Spottiswoodes cross-appeal from the same judgment, arguing that the Superior Court erred by modifying the order to allow the Levines to separately redeem their respective interests in their jointly-owned residence. We, however, review directly the judgment of the District Court when the Superior Court acts in an appellate capacity. *Boyer v. Boyer*, 1999 ME 128, ¶ 6, 736 A.2d 273. The propriety of the Superior Court's actions, therefore, is not directly before us.

2. The Levines also argue that the Superior Court erred by concluding that the District Court has jurisdiction to partition their residence by sale in the event that only one of them redeems his or her interest in the property. Because this argument also relates only to the Superior Court's determination, however, it is not independently relevant in our review of the District Court's order. *See Boyer*, 1999 ME 128, ¶ 6, 736 A.2d 273.

3. Because we vacate the judgment, we need not consider the Levines' concerns relating to their ability, under the Disclosure Order, to redeem their respective interests in the residence that they own as joint tenants. To clarify the parties' evident misunderstandings, however, we point out that because a separate judgment was entered against each Levine, they each have separate obligations to satisfy. If one of the Levines satisfies his or her own liability, there is no reason to hold him or her liable for any portion of the other spouse's debt. Once a spouse has satisfied his or her obligation, the judgment creditors may not execute against his or her interest in the marital home. *See Szelenyi v. Miller*, 564 A.2d 768, 770 (Me.1989). Executing against the

[¶ 2] The factual background for the present case has been summarized in *Spottiswoode v. Levine,* 1999 ME 79, 730 A.2d 166. In 1993, Mr. Spottiswoode and Mr. Levine formed R.B.K. Caly Corporation (RBK) to undertake commercial construction projects. *Id.* ¶ 2. RBK was funded in part by a $300,000 commercial line of credit from Ocean National Bank. *Id.* ¶ 4. Six co-guarantors, including Mr. and Mrs. Spottiswoode and Mr. and Mrs. Levine, guarantied the repayment of the loans. *Id.* After the business failed, the Spottiswoodes repaid approximately $300,000 of RBK's debt and then sued the Levines for contribution. *Id.* The trial court entered separate judgments against each of the Levines, and we affirmed. *Id.* ¶ 20.

[¶ 3] A writ of execution was issued against each Levine for approximately $65,000. The Levines claim that they and the Spottiswoodes agreed to postpone disclosure proceedings and to work jointly to collect an amount owed to RBK by Seacoast Crane Company. The Levines allegedly agreed to dismiss without prejudice an action seeking the dissolution of RBK in exchange for the Spottiswoodes' promise to deduct one-third of the amount collected from Seacoast Crane from the amount that the Levines owe on the present judgments. The Levines dismissed the dissolution case, and RBK collected a total of $40,000 from Seacoast Crane. Accordingly, the Levines argued in the disclosure proceedings that the District Court should deduct one-third of the entire amount collected from the amount owed on their judgments. The Spottiswoodes acknowledged that there was an agreement but disagreed as to its terms. According to the Spottiswoodes, the Levines are entitled only to one-third of the net amount collected after deducting approximately $15,000 in attorney fees. The District Court declined to credit any proceeds from the Seacoast Crane settlement because of the disagreement and because, "[i]n a disclosure proceeding, the sole responsibility of the court is to determine if the judgment debtors have sufficient nonexempt income or assets to satisfy the judgment." The Superior Court affirmed, and the Levines appealed.

[¶ 4] Judgment creditors and debtors often reach agreements concerning the method by which a judgment will be satisfied after a disclosure hearing has been scheduled but before it has been held. STEVEN E. COPE & F. BRUCE SLEEPER, THE LEGAL ISSUES OF PROBLEM COLLECTIONS IN MAINE 134 (1991). The question presented is whether and to what extent the District Court should become involved in deciding disputes relating to these agreements in disclosure proceedings.

[¶ 5] In disclosure proceedings, courts derive their adjudicative power largely from statutes. "The purpose of [the disclosure statutes] is to provide an efficient procedure for the enforcement of money judgments." 14 M.R.S.A. § 3120 (Supp. 2000). Under the statutes, District Courts are given power to determine the judgment debtor's ability to pay the judgment. § 3125(1). The courts conduct hearings, § 3125(1), enforce written installment-payment agreements, § 3125(2), and hear witnesses, § 3125(4). After the debtor's ability to pay is determined, the courts exercise power to fashion a specific plan to satisfy the judgment. *See* § 3125(5). This plan may include any combination of orders to turn over or sell

nonredeeming spouse's interest, however, severs the joint tenancy and leaves a tenancy in common as to the remaining interests. *Id.;* 30 AM. JUR. 2D *Executions* § 171 (1994). A tenant in common may seek to equitably partition the tenancy by sale to liquidate his or her interest. *See Libby v. Lorrain,* 430 A.2d 37, 39 (Me.1981).

nonexempt property, § 3131, to pay in installments, § 3126–A, or to have wages garnished, § 3127–B. An agreement between the parties relating to how a judgment is to be satisfied is directly relevant to the court's determination of the amount of the obligation and the manner in which it is to be collected.

[¶ 6] In the present case, the parties acknowledged an agreement to deduct one-third of the proceeds from the Seacoast Crane settlement from the amount to be collected. This agreement represents the parties' determination as to how the Levines would satisfy a portion of their judgments. The parties disagree whether the credit is exclusive of attorney fees, but this dispute does not preclude any consideration of the agreement. The disclosure court is well equipped to make all the factual findings necessary to resolve the dispute. In fact, in entering the order of sale, the court could not establish the redemption amount without first establishing the current amount due on each judgment. Rather than requiring the parties and the court to litigate their contract claims in a separate proceeding, as the Spottiswoodes urge, the "most efficient procedure for the enforcement of money judgments" is for the court to make the necessary factual determinations regarding the existence and terms of any alleged agreement in the disclosure proceedings.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.