STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-18

CLEMENT ST. HILLAIRE and
TIMOTHY ST. HILLAIRE,
      Petitioners,

v.

CITY OF AUBURN
      Respondent.

RECEIVED & FILED

AUG 3 1 2001

ANDROSCOGGIN
SUPERIOR COURT

ORDER

## BACKGROUND

Clement St. Hillaire is the owner of real property located at 1133 Center Street, abutting the Body Max property. Timothy St. Hillaire, Clement St. Hillaire's son, leases the property from his father. One or both of the St. Hillaires have resided at the 1133 Center Street property since the 1980s. In keeping with its plan to redevelop an existing building located at 1125 Center Street, Auburn, into an auto body repair facility ("the Body Max Property") Body Max Auto Repair Facility and/or Raymond Clavette ("Body Max") made a Special Exceptions Request ("the Request") to the City of Auburn Planning Board ("the Board") pursuant to Section 3.62(B)(2)(d) of the Auburn Zoning Ordinance ("AZO"). On August 8, 2000, after a public hearing in which the Petitioner Timothy St. Hillaire participated, the Board approved Body Max's Request.

On September 7, 2000, Timothy St. Hillaire, acting *pro se*, filed a petition for review of the Board's Decision entitled, "Appeal Action," in the Superior Court,

pursuant to M.R. Civ. P. 80B and Section 7.3 of the AZO.[1]   Both the City and

Timothy St. Hillaire have submitted timely briefs and, after several motions to

compel, a transcript has been provided.

In addition, Timothy St. Hillaire filed a "Motion for Trial By Jury" pursuant

to M.R. Civ. P. 80B(d) on October 10, 2000. In his motion, he submitted an offer of

proof, alleging that:

> the City of Auburn Planning Department and Enforcement have no interest
> in protecting the rights of Abutters and Strict Compliance with Auburn
> Zoning Ordinances Chapter 7 and Chapter 5. . . . Mr. Clavette's application
> lacks that necessary information to insure that he will not adversely effect [sic]
> the Adjacent areas. The surveys, maps and assessment cards will show that
> the applicant's Agent (Surveyor) was knowledgeable of the area prior to this
> job and yet excluded relevant information in an effort to promote his client.

*Motion for Trial by Jury at 3.* On October 24, 2000, the Superior Court (Delahanty, J.)

denied the motion "subject to timely motion and full compliance with Rule 80B(d),

M.R. Civ. P. and opportunity of defendant to respond and be heard." *Order on*

*Motion for Trial by Jury.*

Timothy St. Hillaire did not file an amended motion for a trial of the facts

pursuant to the court's October 24, 2000 Order. However, he filed a motion for relief

of that Order.

On December 14, 2000, Timothy St. Hillaire filed  a document entitled "Power

of Attorney," whereby Clement St. Hillaire granted Timothy St. Hillaire the right to

"manage and control" the business and affairs with respect to his property.  In

---

[1] That petition, like many of the other documents in the file, also purports to contain Clement
St. Hillaire's signature.

addition, the document purported to grant Timothy St. Hillaire the authority to represent Clement's interests in court. The document states in relevant part:

I, Owner of Property at 1133 Center Street, Auburn, Maine 04212 Designate my Son, Timothy L. St. Hillaire and Appointing the Power of Attorney in Fact in the Role of Manage the cause in this Court as He is the Lease Holder with the Exclusive Possession to Defendant in Court under M.R.S.A. Probate Code Title 18 A § 5-507 Power of attorney in Fact.

THAT I, Designate Timothy L. St. Hillaire as Attorney in Fact that will manage and control the handling of all the Principal Business as the Personal Affairs at 1133 Center Street Auburn, Maine 04212, In This Court in a Complete Manner as Specific Power Granted as "Fiduciary Duty" as the Principal.

The "Fiduciary Standards" will be observed by Timothy L. St. Hillaire as a prudent person dealing with the property of another in Court.

Power of Attorney. The document was signed by Clement and two witnesses before a Notary Public in York County.

## DISCUSSION

In his petition, Timothy St. Hillaire alleged that the Body Max property has caused, does cause, and will continue to cause injury to his father's property due to Body Max's operation of its auto repair facility. More specifically, he alleged the following injuries: (1) erosion to his father's property due to surface water drainage from the Body Max property; (2) a potential for contamination of the surface water by toxic automobile fluids; and (3) a "real potential" for particularized injury from emissions, excessive noise, and dust, all of which will decrease his quality of life and negatively affect the value of his father's home.

3

Timothy St. Hillaire claims that the Board erred in concluding that Body Max adequately provided for surface water drainage; erred in granting Body Max's Request because of the potential for unhealthy and offensive odors from "down drafting"; and erred by approving it despite possible "detrimental uses or offensive uses."

TImothy St. Hillaire, the lessee of his father's property, also asserted that the Board inappropriately granted the Request to a lessee, and should have required the owner, Lake Superior Corporation, to make the Request. In addition, Mr. St. Hillaire claimed that the Board deprived him "of liberty and property without due process of law and denie[d him] the equal protection of the law" under the 14th Amendment to the United States Constitution.

In its brief, the City urged the court to dismiss the appeal because Mr. St. Hillaire failed to join the permittees, Body Max and/or Raymond Clavette, as necessary parties pursuant to M.R. Civ. P. 19. However, the City also addressed the merits of the claim, noting that no external changes had been made to the property, and that Mr. St. Hillaire's claims were essentially enforcement issues that were not properly before the court. The City argued that Mr. St. Hillaire had waived any constitutional claims by failing to raise and argue the claims in his brief. Each issue is addressed below.

I. Power of Attorney

As a preliminary matter, the court finds that Clement St. Hillaire's Power of

4

Attorney does not grant Timothy St. Hillaire the authority to represent Clement's interest in this action. The Law Court has recently held that Maine's Unauthorized Practice of Law statute, 4 M.R.S.A. § 807, does not allow attorneys-in-fact to appear in court on their principal's behalf. *See Haynes v. Jackson*, 2000 ME 11, ¶ 12, 744 A.2d 1050, 1053(holding that wife could not represent husband's interest in lawsuit); *see also Boyer v. Boyer*, 1999 ME 128, ¶ 4 n.2, 736 A.2d 273, 275 n.2 (giving no effect to response to motion for summary judgment filed by father of minor child, where father was not a party to the case). This policy serves the "protection of the client, the general public, and the courts." *State v. Simanonok*, 539 A.2d 211, 212-13 (Me. 1988)(holding that personal representative of an estate could not represent the estate in court).

In this case, the Power of Attorney was filed with the court on December 14, 2000. Although Clement's purported signature appears on all court documents filed before that date before that date, Clement was not present at the administrative hearing, and has never appeared in court. The court has disregarded any pleadings or memoranda filed by Timothy on behalf of Clement. Because Clement has not individually filed a timely brief on his own behalf and because he failed to appear at oral argument, the appeal to the extent it concerns Clement's individual interests is dismissed.

## II. Failure to Join Necessary Parties

As noted above, the City argued that Mr. St. Hillaire's appeal should be

dismissed because he failed to serve and join Raymond Clavette and/or Body Max as necessary parties to the appeal. Pursuant to M.R. Civ. P. 80B, a permittee is a necessary party to any action. *See Booker v. Town of Poland*, 599 A.2d 812 (Me. 1991). Despite this requirement, both the City and Mr. St. Hillaire agreed to waive this procedural challenge. Mr. St. Hillaire also asserted that he had given sufficient notice to Body Max by sending copies of various documents. The City argued that Mr. St. Hillaire's appeal was without merit and that, therefore, there would be no harm to Body Max. Because the City is correct, the court has addressed the merits of the appeal.

## III. Trial of the Facts

Mr. St. Hillaire contends that his Motion for Relief from the October 24, 2000 Order denying his motion for a trial of the facts, is unopposed, and therefore, a trial is warranted. The Maine Rules of Civil Procedure provide that "[a] party failing to file a timely memorandum in opposition to a motion shall be deemed to have waived all objections to the motion." M.R. Civ. P. 7(c)(3). That Rule, however, does not preclude the court from denying the motion if it is without merit or if the moving party otherwise failed to follow the proper procedure.

In this case, the initial motion for a trial of the facts did not seek to introduce evidence of sufficient particularity relating to any alleged procedural irregularity in the Board proceedings such as illegal executive sessions, *ex parte* communications, bias or conflict of interest. Rather, Mr. St. Hillaire attempted to retry facts that were

6

tried or could have been tried before the Board. Therefore, the denial of the motion for a trial of the facts was proper. *See Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237, 240-41.

Although the court provided Mr. St. Hillaire an opportunity to file an amended motion for a trial of the facts, he failed to do so. The Motion for Relief, filed without an offer of proof setting forth facts with particularity is simply insufficient. Because the original denial was proper, and because Mr. St. Hillaire failed to an amended motion, the court denies Mr. St. Hillaire's Motion for Relief.

## IV. Due Process, Equal Protection and Federal Law Claims

Mr. St. Hillaire has contended that Mr. Clavette and/or Body Max failed to disclose the repair shop's expected volume of paint usage to the Board in violation of "Federal Law." However, he failed to cite any authority to support this assertion. Furthermore, any claims based on federal statutes or regulations should have been brought as independent claims. The Board would not have had jurisdiction to address those issues.

Mr. St. Hillaire also alleged that he was deprived of "liberty and property without due process of law" and that he was denied equal protection of law under the 14th Amendment to the United States Constitution. In his brief, however, he did not articulate the specific basis for these Constitutional claims. At best, he addressed these issues in a perfunctory manner. Therefore, the court dismisses these claims. *See United States v. Zanino*, 895 F.2d 1, 17 (1st Cir. 1990)(issues averted

7

to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived); *New England Whitewater Ctr., Inc. v. Dep't Inland Fisheries and Wildlife,* 550 A.2d 56, 60 (Me. 1988)(*pro se* litigants are not afforded special consideration).

## V. Special Request Permit's Compliance with AZO Requirements

As mentioned above, Mr. St. Hillaire alleged that the following problems violated some provisions of the AZO: (1) potential emissions from spray booths on the Body Max Property; (2) existing water drainage that runs from the Body Max Property onto the his father's property; (3) potential contamination of the drainage with radiator fluid, oil, and gas; (4) lights from the vehicles beaming onto his father's property; (5) excessive noise; (6) unhealthy dust; and (7) general depreciation in the value of his father's property. Each concern is addressed below.

### A. Emissions

Mr. St. Hillaire contended that Body Max has failed to provide for proper protection of abutting properties from emissions. Article 7.4 of the AZO contemplates that any potential emissions problems caused by the use of spray booths would be addressed in the subsequent building permit application process. Emissions are not addressed in the Special Exception hearing. Mr. St. Hillaire argument is without merit.

### B. Existing Drainage

Mr. St. Hillaire contended that the Request should have been denied because

8

of water drainage. The court disagrees. The Board determined that drainage would occur whether the Body Max Property was used for an auto repair facility or not. The issue addressed by the Special Exceptions hearing was the **use** of the building, not the building itself. Furthermore, the requested use does not change the drainage situation.

### C. Other Potential Offensive Uses

Mr. St. Hillaire also stated his concern for many potential problems: unhealthy dust, noise, light and contamination of water drainage. However, these are all enforcement issues. The Board cannot deny a Request based on possible problems that might occur at some unknown time in the future. Rather, its focus is the prevention of imminent and probable injuries that will result from a particular use.

Should problems arise in the future, the owner of the property would be able to seek enforcement of applicable ordinances, laws and regulations by filing a complaint with the Auburn Code Enforcement Officer, or filing a complaint with the Department of Environmental Protection, or initiating private litigation. In addition, many or these concerns will - or have been - addressed as building permit issues. Therefore, the court rejects any claim based on potential offensive uses.

### D. Depreciation of Value

It does not appear that the City presented any evidence as to the devaluation of Clement St. Hillaire's property. However, only Clement St. Hillaire owns the

property, and he is not a party to this appeal. Therefore, the court deems this argument waived.

## ORDER

Clement St. Hillaire's Appeal is Dismissed. The Board's Decision is Affirmed with respect to Timothy St. Hillaire's Appeal.

This Order to be incorporated into the docket by reference in accordance with M.R. Civ. P. 79(a).

DATED: August 31, 2001

_____
Justice, Maine Superior Court

Plaintiffs
Pro Se
John Conway
for Defendant

10